## JOY v. MARSHALL FIELD & CO.

No. 1252.

Court of Civil Appeals of Texas. Waco.

June 9, 1932.

J. W. Chancellor, of Bowie, for appellant.

Fred J. Dudley & Associates, of Dallas, for appellee.

BARCUS, J.

This is an appeal from the order of the trial court overruling appellant's plea of privilege. The material facts are without dispute. Appellant has maintained a residence for himself and wife and children for more than thirty-five years at Terrell in Kaufman county. He has for many years been engaged in the compress business, and owns compresses located at a number of towns in Texas and Oklahoma. For many years, and up to the time of trial of this case, he maintained an office in Dallas county, Tex., and in said office he had a bed where he usually slept when he spent his nights in Dallas. At each of his compresses he maintained an office and also a bed therein where he slept if he spent a night at any of said places. He always voted, if at all, in Kaufman county. His wife and children lived there. He maintained his only residence in Texas for his family in Kaufman county. He spent on an average of about one or two days every two weeks in Dallas. He was constantly on the road visiting his various compresses, making the round every two or three weeks.

The sole question involved is whether said state of facts constituted Dallas his domicile or residence within the meaning of article 1995 of the Revised Statutes. Our courts from the earliest decisions have held that domicile and residence, within the meaning of the venue statute, are one and the same thing. Brown v. Boulden, 18 Tex. 432; Pittsburg Water Heater Co. v. Sullivan, 115 Tex. 417, 282 S. W. 576.

The fact that appellant transacted business in Dallas county, and in so doing spent a considerable portion of his time there, did not make said county his domicile or residence within the venue statute. In Blucher v. Milsted, 31 Tex. 621, almost the identical facts were there involved as are revealed by this record, and the court there stated: "The plaintiff seems to have had the opinion that if defendant was transacting business in Brownsville, in Cameron county, he could be sued there, notwithstanding he had a domicile in Nueces county. But such is not the case."

To the same effect is the holding in Strohl v. Pinkerton, 1 White & W. Civ. Cas. Ct. App. page 217, § 470. There is no suggestion in the record in this case that appellant at any time lived with his family in Dallas county or that his family at any time lived, resided, or had their domicile in Dallas county. On the other hand, the evidence shows without controversy that for more than thirty-five years appellant had maintained a residence and domicile in Terrell, Kaufman county, Tex., for himself and family. Under this state of the record it was error for the trial court to overrule appellant's plea of privilege.

The judgment of the trial court is reversed, and the trial court is directed to transfer this cause to the county court of Kaufman county.