## LANDER et al. v. JORDAN.

### No. 9042.

Court of Civil Appeals of Texas. San Antonio.

April 12, 1933.

Rehearing Denied May 10, 1933.

Houston & Johnson, of Dallas, and C. C. Carsner, of Victoria, for appellants.

J. W. Ragsdale and Proctor, Vandenberge, Crain & Vandenberge, all of Victoria, for appellee.

SMITH, Justice.

Appellee, Royal G. Jordan, brought this action against J. H. Lander and the Metropolitan Casualty Insurance Company of New York, alleging that he was injured through the negligence of Lander, who ran his automobile against and upon Jordan.

The insurance company was impleaded solely upon the contention that it was liable directly to appellee because it had contracted with Lander to protect him from the operation of any judgment which may be recovered against him by persons injured through the operation of his private automobile. Both Lander and the insurance company urged pleas in abatement on account of the joinder of the insurance company, but the pleas were overruled, and judgment was rendered against both defendants jointly, and both have appealed.

The pertinent provisions of the contract whereby the insurance company was obligated to Lander are substantially as follows:

"The Metropolitan Casualty Insurance Company does hereby insure (Lander) * * *

"Against loss and/or expense arising or resulting from claims upon the Assured for damages in consequence of an accident * * * caused by reason of the ownership, maintenance, or use of the automobile or automobiles described * * * resulting in:

"A. Bodily injuries and/or death accidentally suffered or alleged to have been suffered by any person or persons not hereinafter excepted; * * *

"C. To defend in the name and on behalf of the Assured any suit brought against the Assured to enforce such claim, whether groundless or not, on account of damages suffered or alleged to have been suffered as above referred to; and

"D. To pay the expenses incurred in defending any suit referred to in preceding paragraph, together with the interest on any judgment within the limits of the Insurance hereby granted, and any costs taxed against the Assured on account thereof. * * *

"G. Bankruptcy or insolvency of the Assured shall not relieve the Company of any of its obligations hereunder. If any person or his legal representatives shall obtain final judgment against the Assured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within thirty days after it is rendered, then such person or his legal representatives may proceed against the Company to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto. * * *

"(3) The Company reserves the right to settle any claim or suit.

"(4) The Assured shall not voluntarily assume any liability; nor, interfere in any negotiations or legal proceedings conducted by the Company on account of any claim; nor, except at the Assured's own cost, settle any claim; nor, without the written consent of the Company previously given, incur any expense, * * *

"(6) No action shall lie against the Company until the amount of the damages for which the Assured is liable by reason of any loss covered by this policy is determined either by a final judgment against the Assured, or by agreement between the Assured and the plaintiff with the written consent of the Company."

The trial court upheld the joinder of the insurance company upon the theory urged by appellee that the contract between the company and the automobile owner may be treated as made for the direct benefit of any person injured by the owner, without regard to the terms and limitations of the contract. The contention is without support in law or good morals.

■ The insurance company and the owner only are parties to the contract. By its terms the company is obligated to indemnify the owner against losses in certain specified contingencies, but provided that no action upon the contract shall lie against the company "until the amount of the damages for which the Assured is liable by reason of any loss covered by this policy is determined either by a final judgment against the Assured, or by agreement between the Assured and the plaintiff with the written consent of the Company." This provision is perfectly plain and

· unambiguous. It is not contrary to any rule of law, statutory or otherwise. It should be enforced between the parties to it according to its terms.

In this case both parties to the contract are ·satisfied with that and all other provisions of it. They are both here insisting upon the enforcement of those provisions as written. Surely, then, no third party, and a total stranger to the contract at that, can come in and, complaining of its terms, have the courts reconstruct and construe it so as to divert its benefits to him in direct contravention of its terms and the obvious intentions of the real parties to it. In the language of the Supreme Court of Alabama: "Courts cannot tamper with and change the terms of contracts, nor can they substitute as beneficiaries thereunder unnamed and unintended strangers who have nothing whatever to do with either the contracts or the contractors. To exercise such powers would be to usurp despotic authority." Goodman v. Georgia Life Ins. Co., 189 Ala. 130, 66 So. 649, 650.

There seems to be no occasion to write at length upon this point. The question has been directly decided adversely to appellee's contention in this case, in two very recent cases, involving substantially identical contracts. Cuellar v. Moore (Tex. Civ. App.) 55 S.W.(2d) 244; Ray v. Moxon (Tex. Civ. App.) 56 S.W.(2d) 469. In those cases the authorities are well collated upon the point and show that the great weight of authority supports the holding here announced. Attention is also directed to the opinion of Associate Justice Murray of this court on rehearing of the case of Cannon Ball Motor Freight Lines v. Volker Grasso, this day handed down, to be reported in 59 S.W.(2d) 337.

The conclusion announced renders it unnecessary to discuss or decide other points raised in the briefs.

The judgment is reversed, and the cause remanded.