**I. & G. N. WOOD & COAL CO. et al. v. SCHILLING.**

No. 9061.

Court of Civil Appeals of Texas. San Antonio.

April 26, 1933.

Rehearing Denied May 17, 1933.

J. B. Lewright and Walter M. Groce, both of San Antonio, for plaintiffs in error.

H. C. Carter, Champe G. Carter, Randolph L. Carter, and Perry J. Lewis, all of San Antonio, for defendant in error.

MURRAY, Justice,

P. E. Schilling instituted suit against I. & G. N. Wood & Coal Company, Lloyds America, and Elliott Jones, as attorney in fact for Lloyds America.

The suit asked damages for the negligent killing of Schilling's seven year old daughter, by a truck owned and operated by I. & G. N. Wood & Coal Company. Lloyds America and Elliott Jones, attorney in fact, were joined as defendants as the liability insurance carriers of the wood and coal company.

The defendants below urged misjoinder of causes of action and misjoinder of parties defendant, by verified pleas and also by special exceptions, all of which were overruled by the court below. This action of the trial court was excepted to by the defendants.

■ There was error in this action of the trial court. Cuellar v. Moore (Tex. Civ. App.) 55 S.W.(2d) 244; Ray v. Moxon (Tex. Civ. App.) 56 S.W.(2d) 469; Cannon-Ball Freight Lines v. Grasso (Tex. Civ. App.) 59 S.W.(2d) 337; and Lander v. Jordan (Tex. Civ. App.) 59 S.W.(2d) 959.

■ Defendant in error contends that the pleas in abatement were waived because not acted upon at the proper time. We do not agree with this contention. At the term of the court at which these pleas in abatement were filed the following order of continuance was entered: "Be it remembered that on this October 28, A. D. 1931, at a regular term of this court, counsel for defendants in the above numbered and entitled cause brought to the attention of the court the pleas of alleged misjoinder of causes of action and of alleged misjoinder of parties defendant herein, heretofore filed in this cause by defendants, this being an appearance case at the present term of this court, and it appearing to the court that because of other business of the court no trial herein upon said dilatory pleas can be had during the present term of the court, and it further appearing to the court that it is agreeable to counsel for plaintiff herein and counsel for defendant herein that this cause may be continued until the next regular term of the court, but wholly without prejudice to said dilatory pleas or either of them, it is accordingly ordered by the court that this cause be, and it is hereby, continued until the next regular term of the court but wholly without prejudice to any of the rights of the defendants herein, or either of them, under their said dilatory pleas now on file in this cause."

It is clear from this order that these pleas were called to the attention of the trial court at the same term at which they were filed and by the court passed without prejudice. Rule No. 24 for District Courts (142 S. W. xix) reads: "24. All dilatory pleas, and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of parties with the consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried."

These pleas having been called to the attention of the trial court and passed by agreement of all parties, with the approval of the court, could not be held to have been waived because not again called to the trial court's attention at the next term of court. Plaintiffs in error had done all that was required of them under rule 24. Especially is this true where these pleas were taken up without objection and disposed of on their merits.

■ Defendant in error contends that this judgment should not be reversed as to I. & G. N. Wood & Coal Company, even though we hold that the insurance company was not properly a party to the suit. The record discloses that the pleas in abatement and the exceptions raising the misjoinder of causes of action and of parties were made on behalf of all defendants and the action of the court in overruling same was excepted to on behalf of all defendants; we therefore think that the I. & G. N. Wood & Coal Company is entitled to assign as error this action and have the entire judgment remanded.

For the error pointed out, the judgment of the court below is reversed, and the cause remanded.