### CAPRITO et al. v. WEAVER et al.
### No. 1152.

Court of Civil Appeals of Texas. Eastland.

Sept. 29, 1933.

Rehearing Denied Nov. 3, 1933.

Lyndsay D. Hawkins, of Breckenridge, and Sullivan & Sullivan and Morrison & Morrison, all of Big Spring, for appellants.

Thomas & McDonald, of Big Spring, for appellees.

HICKMAN, Chief Justice.

Mrs. Mary Weaver and her children instituted this suit in Howard county against S. Caprito, Jack Trantham, and Lloyds America for damages alleged to have been suffered by them on account of the death of their husband and father, Andrew Weaver, who was alleged to have lost his life through the negligence of Trantham, Caprito's servant. Pleas of privilege were filed by Caprito and Lloyds America, the former claiming his privilege to be sued in Stephens county, the county of his residence, and the latter claiming the privilege of being sued in Bexar county, the county of its residence. The pleas of privilege were duly controverted, and upon the hearing of the issues presented by the pleas and the controverting affidavits, a jury was demanded. When the evidence was all in, the trial judge peremptorily instructed a verdict in favor of plaintiffs. Upon the verdict so returned judgment was entered overruling the pleas of privilege, and from that judgment both Caprito and Lloyds America have appealed. We shall first consider Caprito's appeal and later that of Lloyds America.

In support of the trial court's judgment, it is the position of appellees that the evidence established, as a matter of law, that Caprito resided in Howard county, the county in which suit was instituted and is pending. If that position is correct, then admittedly the judgment of the trial court as to him was proper. We shall not detail all the facts in

evidence concerning Caprito's residence, but a brief summary of them will be given. For many years he had been in business in Breckenridge, Stephens county, dealing in oil-well supplies. He was a single man, but kept his trunk in Breckenridge, paid his poll tax and voted there. About three years prior to the institution' of this suit, he acquired an interest in a similar business in Big Spring, Howard county. He also established businesses in a number of other counties where oil development was going on. When he acquired his interest in the business at Big Spring, he did not move there to conduct it, but Kamie Williams was the local resident manager. A few months before this suit was instituted, the Big Spring business became insolvent and Caprito took charge of same for the purpose of settling up its affairs. During that period he maintained no room in Big Spring, and did nothing to indicate that he was moving there. As a general rule he would visit that business from four to six days each month, and on these visits he would stay only a few hours. The testimony discloses that, in addition to his business at Breckenridge, he had established businesses at the following places: Artesia, N. M., Royalty, Tex., Grand Falls, Tex., and Fort Stockton, Tex. He visited all of these different places of business, and spent more time in some of them than he did at Big Spring. He further testified, "The biggest part of my time I spent out on the road running in and out"; that when in Big Spring he stayed "wherever he could get a place to stay"; that he never did stay in Big Spring one whole week; and that he did not sleep there three nights during the last six months. Most of his business at Big Spring was transacted by him over the telephone. He testified that he had resided at Breckenridge, Stephens county, twelve years; paid his poll tax there in 1932; voted there in the July primary in 1932 and in the August run-off primary; that he maintained a post office box in Breckenridge; that his office was there, and from there he transacted the business of closing up the affairs of the defunct Big Spring business.

■ It is our opinion that this evidence did not establish the fact, as a matter of law, that Caprito was a resident of Howard county; but, on the contrary, it did establish, as a matter of law, that he was not a resident of that county. While it is settled law that for the purpose of venue one may have more than one residence, yet the mere fact that one owns a business or an interest in a business in a town does not of itself make him a resident thereof. The burden was upon appellees to establish the fact that Caprito resided in Howard county. This burden they wholly failed to discharge and, but for the presence of the other issues hereafter discussed, the court should have peremptorily instructed the jury in Caprito's favor. Joy v. Marshall Field & Co. (Tex. Civ. App.) 51 S.W.(2d) 731.

■■ It is the further contention of appellees that the undisputed evidence established that Jack Trantham was a resident of Howard county, and that, since he and Caprito were properly joined in the action, venue lay in that county as against Caprito under exception 4, art. 1995, Revised Statutes of 1925, which provides that, if two or more defendants reside in different counties, suit may be brought in any county where one of them resides. There can be no question that Caprito and Trantham were properly joined as defendants in the suit. The injuries resulting in Weaver's death were suffered in a collision between a car in which he was riding and a truck belonging to Caprito and being operated by Trantham, Caprito's servant, in the course of his employment. It is not claimed that the evidence failed to establish a cause of action against Trantham, the alleged resident defendant. If, therefore, the evidence established as a matter of law that Trantham resided in Howard county, the peremptory instruction against Caprito was proper, notwithstanding he himself did not reside there. A careful consideration of the evidence bearing upon the question of the residence of Trantham has convinced us that it raised an issue of fact which should have been submitted to the jury. Trantham with his family had been occupying a cottage in Big Spring for six or seven weeks prior to the accident, renting same by the week. These facts made a prima facie case of residence in Howard county, but he testified that he had lived in Hamilton county for many years; that he came to Howard county upon the invitation of his brother-in-law to do a particular piece of work; that his move was temporary; that he left his household goods in Hamilton county and intended shortly to return there, where he had made arrangements to work a farm. He completed the special work for his brother-in-law in two weeks, and then began working for Caprito. The facts with reference to whether he had a residence in Hamilton county or whether there was some place there to which he had a present right of possession were not developed. It may be that when those facts are fully developed they will be insufficient to support a conclusion that he resided in Hamilton county and compel the conclusion that he resided in Howard county; but, on the other hand, in the present state of the record, the conclusion is not excluded that he resided in Hamilton county and his stay in Howard county was purely temporary. An issue of fact was presented as to the residence of Jack Trantham, which should have been submitted to the jury. Gilmer v. Graham (Tex. Com. App.) 52 S.W.(2d) 263.

■ Appellees in their brief do not undertake to support the judgment of the trial

court in overruling the plea of privilege of Lloyds America. That defendant was joined upon allegations that it had issued a policy of public liability insurance to Caprito covering the truck involved in the accident, which policy, it was alleged, was issued for the benefit of appellees and upon which they had a right to maintain a suit, joining their action thereon with their action against Caprito and Trantham. They wholly failed to establish their right to join Lloyds America in this suit, however, and judgment should have been rendered sustaining its plea of privilege. Cuellar v. Moore (Tex. Civ. App.) 55 S.W.(2d) 244; Ray v. Moxon (Tex. Civ. App.) 56 S.W.(2d) 469; Lander v. Jordan (Tex. Civ. App.) 59 S.W.(2d) 959; Cannon Ball Motor Freight Lines v. Grasso (Tex. Civ. App.) 59 S.W.(2d) 337; I & G. N. Wood & Coal Co. v. Schilling (Tex. Civ. App.) 59 S.W.(2d) 1110.

It is our order that the judgment of the trial court be reversed, and the cause be remanded, with instructions that, in case appellees do not dismiss as to Lloyds America, an order be entered transferring the venue of the cause as to it to Bexar county. The issues presented by the plea of privilege of Caprito and the controverting plea thereto will be retried. Reversed and remanded, with instructions.