### NEESON et al. v. BLUTH.

### No. 2881.

Court of Civil Appeals of Texas. El Paso.
Oct. 12, 1933.

Rehearing Denied Nov. 2, 1933.

Lea & Edwards, of El Paso, for appellants.

Claude Lawrence and Ernest Guinn, both of El Paso, for appellee.

HIGGINS, Justice.

This is a personal injury suit brought by appellee, individually and as next friend of his minor son, Virgil Bluth, against J. T. Neeson and Employers' Casualty Company resulting in a judgment against both defendants awarding damages.

Neeson was the owner of an automobile used for family purposes. He carried insurance written by the casualty company protecting him against loss from liability imposed by law for bodily injury accidentally sustained by any person if caused by the ownership, maintenance, or use of his car.

Virgil Bluth was riding a motorcycle traveling in a westerly direction upon Montana street in the city of El Paso. He was traveling on the north side of the street about five feet from the north curb. Mary Neeson, the daughter of J. T. Neeson, was driving her father's car upon said street, traveling in an easterly direction. When Miss Neeson reached Ochoa street, she turned to the left, colliding with the motorcycle just a few feet from the northwest corner of the street intersection, inflicting serious injury upon young Bluth.

Defendants pleaded in abatement setting up improper joinder of the casualty company. The question was also raised by exceptions to the petition. The pleas and exceptions were overruled.

The jury found that in making the left-hand turn into Ochoa street Miss Neeson failed to pass to the right of the center of the intersection and this, together with her failure to keep a lookout for motor vehicles approaching from the east, was the proximate cause of the injury to Bluth.

It was found that Bluth did not fail to keep a proper lookout.

But two questions are presented by appellants, viz.: (1) That as a matter of law Bluth was guilty of contributory negligence in failing to keep a lookout for traffic ahead of him on Montana street prior to the collision; (2) the pleas in abatement and exceptions raising the question of improper joinder of the casualty company were improperly overruled.

The point first made is without merit. The evidence upon the issue has been fully considered and it cannot be said that Bluth was guilty of contributory negligence as a matter of law in failing to keep a proper lookout. The evidence will not be discussed in view of the retrial which must follow the reversal upon the second question raised.

The rulings by various Courts of Civil Appeals are in conflict upon the right, in actions of the present nature, to join the insurance carrier as a party defendant.

This court, in Pickens v. Seaton, 51 S.W. (2d) 1050, and American Indemnity Company v. Martin, 54 S.W.(2d) 542, held such joinder to be proper. In both of these cases writs of error have been granted. The writ in Pickens v. Seaton was granted upon rehearing. The contract of insurance in the present case is substantially the same as the one involved in American Indemnity Co. v. Martin. At the time these cases were decided by this court, the Texas rulings supported the view that the joinder was proper. Texas Landscape Co. v. Longoria· (Tex. Civ. App.) 30 S.W.(2d) 423 (writ dismissed).; American, etc., v. Struwe (Tex. Civ. App.) 218 S. W. 534 (writ refused); Kuntz v. Spence (Tex. Civ. App.) 48 S. W.(2d) 413, in which writ of error was granted subsequent to the date this court made its rulings in Pickens v. Seaton and American, etc. v. Martin.

The question has recently again arisen before the San Antonio Court of Civil Appeals and that court has overruled its former holdings in the Longoria and Struwe Cases which this court cited in support of its rulings. Cuellar v. Moore (Tex. Civ. App.) 55 S.W.(2d) 244; Carmon Ball, etc., v. Grosso (Tex. Civ. App.) 59 S.W.(2d) 337; Lander v. Jordan (Tex. Civ. App.) 59 S.W.(2d) 959; I. & G. N., etc., v. Schilling (Tex. Civ. App.) 59 S.W.(2d) 1110.

The Amarillo court has also considered the question and held the joinder to be improper. Ray v. Moxon (Tex. Civ. App.) 56 S.W.(2d) 469.

In view of these later rulings and the conflicts thereby developed we have deemed it proper to reconsider the question as an original one and have reached the conclusion that the contract of insurance in this case must be considered as one of indemnity, personal to the insured, and that no right of action thereon lies in favor of an injured third person except in a case which falls within the bankruptcy and insolvency provisions of the contract. These provisions read as follows: "Bankruptcy and Insolvency (17). The bankruptcy or insolvency of the Assured shall not relieve the Company of liability under agreements A or B hereof. Any person, or his legal representatives, who shall obtain final judgment against the Assured because of any such bodily injury, or injury to or destruction of property, may proceed against the Company under the terms of this policy to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto. Nothing in this policy shall give to any person or persons claiming damages against the Assured any right of action against the Company except as in this paragraph provided."

The question at issue is fully discussed in the opinions rendered by the San Antonio and Amarillo Courts of Civil Appeals in the cases referred to above. We can add nothing to the able discussion contained in those opinions and concur in the conclusion of those courts.

It does not necessarily follow, however, that in all cases the contract will be considered as personal to the assured and that no right of action will lie in favor of third persons. Each case will depend upon the terms of the contract involved. In Pickens v. Seaton, supra, the contract there sued upon did not contain a "no action" clause, as in the present case. The bankruptcy and insolvency provisions were also somewhat different. That contract also contained this provision: "In event a final judgment be rendered against the Assured, to pay the same to an amount not exceeding the limits specified herein."

It may be that under the contract sued upon in Pickens v. Seaton, our decision in that case was correct. But the contract here presented differs in no material respect from that considered in American Indemnity Company v. Martin, and we now think we erred in our ruling in that case.

The assignments raising the question of misjoinder are sustained.

Reversed and remanded.