## TORRES et al. v. DISHMAN.
### No. 1242.

Court of Civil Appeals of Texas. Eastland.
Feb. 23, 1934.

Rehearing Denied March 23, 1934.

R. H. Mercer, of San Antonio, for appellants.

Touchstone, Wight, Gormley & Price and Robt. B. Holland, all of Dallas, for appellee.

LESLIE, Justice.

The plaintiff, Joe Torres, was injured in the course of his employment while working for a subcontractor, R. B. Heath, who carried workmen's compensation with the Maryland Casualty Company. He alleged that he was negligently injured by an employee of the defendant C. C. Dishman, in

that the latter's employee, in the course of his employment, negligently threw a board or timber from the top of a building, thereby hitting and seriously injuring the plaintiff. His claim for compensation was established and the Maryland Casualty Company paid him $1,600 and his medical and doctors' bills, amounting to $365.70.

This is the usual suit by the injured party and the carrier of the insurance against the alleged negligent third person claimed to be responsible for the injuries. Maryland Casualty Company intervened and sought reimbursement for the compensation paid. The trial resulted in a judgment in favor of the defendant, and the plaintiff and intervener appeal.

There are various propositions, and the facts relating to each and necessary to an understanding of our ruling on the same will be stated in connection with the consideration thereof.

■ The defendant C. C. Dishman carried indemnity insurance with the Commercial Casualty Company. Torres and the Maryland Casualty Company, intervener, filed this suit making both Dishman and the Commercial Casualty Company defendants. Each defendant filed a plea in abatement setting up misjoinder of parties and causes of action. The trial court committed no error in passing on the pleas in abatement at a subsequent term of the court. The amended transcript discloses that these pleas in abatement were passed at the preceding term by agreement and without prejudice to either party. The first proposition is overruled.

■ The appellant shows no error in the ruling of the trial court in sustaining the pleas in abatement of the defendants, Dishman and the Commercial Casualty Company, to the first amended original plea of intervention of the Maryland Casualty Company, joining said insurer as a defendant with C. C. Dishman, the insured. The Commercial Casualty Company carried the defendant Dishman's indemnity insurance and was made a party defendant along with Dishman in the suit for reimbursement filed by the Maryland Casualty Company against said Dishman, alleged to be the negligent third party (under section 6a, art. 8307, R. S. 1925) responsible for the injury to the employee, Torres. As noted, the pleas were based on a misjoinder of parties and causes. Upon the testimony introduced, the court sustained the pleas.

The contract of insurance held by Dishman with the Commercial Casualty Company was one of indemnity, personal to the assured, and contained what is known as the nonaction clause. The ruling of the court was correct. Cuellar v. Moore (Tex. Civ. App.) 55 S.W.(2d) 244; Lander v. Jordan (Tex. Civ. App.) 59 S.W.(2d) 959; I. & G. N. Wood & Coal Co. v. Schilling (Tex. Civ. App.) 59 S.W.(2d) 1110; Neeson v. Bluth (Tex. Civ. App.) 63 S.W.(2d) 1046, 1047; Cannon Ball Motor Freight Lines v. Grasso (Tex. Civ. App.) 59 S.W.(2d) 337; Ray v. Moxon (Tex. Civ. App.) 56 S.W.(2d) 469.

The stipulation as to the injured party's rights under Dishman's policy in the event of the insolvency or bankruptcy of the assured was not invoked as a basis for joining the Commercial Casualty Company as a defendant. The facts of the case also rendered that provision inapplicable.

The ruling of the trial court was warranted by the opinion in Texas Landscape Co. v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423, but, in the more recent case of Cuellar v. Moore, supra, the same court that rendered the opinion in the Longoria Case repudiated the same, correctly stating the law in the latter case which is applicable to the policy of insurance here involved.

■ Propositions 4, 5, 6, and 7 pertain to argument on the part of the appellee's counsel. We have carefully examined the record, and are of the opinion that no error is shown in either instance. The argument challenged by propositions 4 and 5 was in substance to be found in plaintiff's first amended original petition and also intervener's third amended original plea of intervention. The argument to which proposition 6 related traverses the same grounds covered by the pleadings of both plaintiff and intervener, wherein they allege what the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq.) provided and what the rights of the intervener under the law were. The thought being advanced by the argument was to the effect that the amount paid the injured employee under the Workmen's Compensation Law was not affected one way or the other by negligence of employer, employee, or any one else. The context of the whole argument complained of does not warrant any other construction, as may be gathered from an excerpt from the attorney's speech in this same connection: "The law very wisely provides even when the employee was guilty of contributory negligence that nevertheless he can recover compensation and it is immaterial whether his

employer or anyone working for his employer or anybody else was negligent in causing those injuries to him; so that in that case where they paid him $1600, * * * the only issue was whether or not he was working in the course of his employment for Mr. Heath, and whether he was injured, and if so, how much."

Further, the defendant Dishman was not a party to the employee's suit for compensation. The language objected to, taken in connection with that portion of the attorney's speech where found, is not susceptible to the interpretation given it in this proposition.

Neither did the attorney tell the jury how to answer the issue No. 9. He stated that he thought the issue would be "the controlling issue." He then stated that the court had "submitted some other issues to you which, of course, I think are just as important," etc. On objection, these statements were withdrawn by the attorney, and the court instructed the jury not to consider them.

Also the court's qualification to the bill shows the argument was provoked, in response to that of appellant's attorney. There is no merit in the proposition.

■ The defendant Dishman was the general contractor on the construction work, and R. B. Heath was a subcontractor doing concrete work in connection with the same. Joe Torres was an employee of the latter and was struck by a piece of lumber alleged to have been negligently thrown from above by Dishman's employees in the course of their employment. Dishman's employees were charged with negligence in various ways, and Torres was likewise charged with contributory negligence in different respects. Under the testimony, and in response to issues 18, 19, and 20, respectively, the jury found that plaintiff, Joe Torres, at the time and upon the occasion in question failed to ascertain that lumber was being thrown down from above before going to the place where he was injured, that such action on his part was negligence, and that such negligence was a proximate cause of his injuries. Appellants' contention in proposition 8 is that the court by issue 18 submitted "a charge on the weight of the evidence," and that the same "assumed or suggested that Joe Torres should ascertain that lumber was being thrown down from above before going to the place where he was injured."

Of course, the court was submitting the case on special issues, under article 2189, R. S. 1925, and the issue could not be considered a charge of the law on any phase of the case under article 2187, R. S. 1925. There is no merit in that phase of the complaint.

■ From a study of the record and certain undisputed facts, it appears that the only controverted point here involved was whether Torres failed to ascertain that lumber was being thrown down from above before going to the place where he was injured. On this point, he testified that he was aware of the fact that workmen were operating above, and, apparently with this in mind, he further testified that he holloed "wait upstairs" when he stepped from the inside of the building where he was working to the outside to get a board at the time and place he was struck. He testified to having holloed "look out" before stepping out. His testimony generally shows his familiarity with the surrounding conditions and attending dangers at the time and place of his injuries. The defendant in its pleadings charged him with negligently going into a place of known danger. In this state of the record, issue 18 was not subject to the objection made, and, taken in connection with issues 19 and 20 and the jury's answer to each, respectively, the charge of contributory negligence on the part of Torres was established.

■ By the ninth proposition, the sole contention is made that issue No. 8 as submitted to the jury was a "charge on the weight of the evidence." The issue is as follows: "Do you find from a preponderance of the evidence that Joe Torres at the time and on the occasion in question walked into a place of known danger?" It was not a charge on the weight of the evidence as explained in the discussion of the eighth proposition. The defendant alleged that said Torres negligently walked into a place of known danger. The issue was warranted by the pleadings, and the evidence supports the jury's affirmative answer. The question as framed in no respects assumed that Torres walked into a place of known danger, although the evidence is quite convincing that he knowingly did so. This contention is overruled, and the finding of the jury to this and the two following issues that Torres, at the time of his injury, walked into a place of known danger, that such action was negligence on his part, and that such negligence was a proximate cause of the accident and injury, established a second ground of contributory negligence.

■ By the tenth proposition, it is asserted that the court erred in the submission of issue No. 11 on the ground that "it was a charge on the weight of the evidence." The issue inquired of the jury whether "Joe Tor-

res failed to warn those engaged in throwing lumber down of his intention to go to the place where the accident occurred." For the reasons before given, it was not a charge on the weight of the evidence. It was merely an issue under article 2189. In this respect also the defendant alleged that said Torres negligently walked "into a place of known danger without first warning those engaged in throwing lumber down from above of his intention to enter the place where the accident occurred." The issue was responsive to the pleadings and the testimony. As hereinbefore noted, Torres' testimony discloses that he was cognizant of the danger of being hit by lumber being thrown by the workmen above. He testified that he "warned them" of his presence and that he "holloed" to them to "watch out upstairs," etc. The jury evidently disbelieved the plaintiff's testimony, and their finding that he failed to so warn them of his presence, that such failure was negligence, and that such negligence was a proximate cause of his accident, convicts the plaintiff of contributory negligence for a third time.

■ By the eleventh proposition, the contention is made that the court erred "in giving question No. 14 of its main charge over the appellant's objection that said charge was on the weight of the evidence." This question presented the only issue of primary negligence submitted to the jury. It is as follows: "Do you find from a preponderance of the evidence that the employees of the defendant Dishman warned Joe Torres to stay away from the place where he was injured?"

The appellant pleaded that the appellee's employees were negligent in failing to give a warning before throwing the lumber to the ground, and in this same connection the appellee alleged that Torres was negligent in failing to heed the warning of the appellee C. C. Dishman, his agents, servants, and employees, to stay away from the place in question, " * * * and, further, that he had been warned not to go to the place where the accident occurred prior to the happening of the accident * * * that all workmen in and around the building had been warned not to go to the place where the accident occurred during the progress of the work."

The issue was warranted by the pleadings, and, as hereinbefore explained, it was not a charge on the weight of the evidence. It was not a charge at all. The issue contains no assumption prejudicial to the appellant. The issue does not "assume that there was a duty upon the part of Joe Torres to do what the employees of Dishman told him,"

but it is not perceived how he could have disregarded such warning, if it had been given, without convicting himself of contributory negligence. The jury answered the foregoing question in the affirmative, and, in response to the three issues following, the jury found that Torres failed to heed such warning, that such failure to heed was negligence which was a proximate cause of the accident and injuries.

Regarding this last finding as being in response to an issue submitting the alleged primary negligence, it is conclusive of appellant's right of recovery. Its right of recovery is more definitely precluded by the foregoing answers of the jury to the issues submitting contributory negligence.

■ There is no merit in the twelfth proposition to the effect that the court erred in refusing to allow the defendant Dishman to testify that it was customary for men working as the plaintiff was, to use boards such as the one that the plaintiff was "reaching for" when he was injured. In Dishman's testimony, it appears that, while he did not dispute Torres' right to get boards about the building for the concrete work, nevertheless he did dispute his right to get such boards at the time and place they were being thrown from above. The materiality of the custom contended for by appellant is not made to appear.

■■ The thirteenth proposition complains of the admission of testimony relating to settlement and release of claim by Torres against Dishman without pleadings as a basis for same. When Dishman, the alleged negligent third party, was on the stand, he was asked on cross-examination by his counsel if Torres had filed a suit against him for damages by reason of the alleged negligent injuries here involved, and he (Dishman) was permitted to answer this in the affirmative, and to further testify that Joe Torres had been settled with and a release taken. The release signed by Joe Torres was admitted in evidence.

Ordinarily, to avail one's self of settlement and release, the same must be pleaded, but in the instant case it appears to have been sufficiently alleged by the appellants themselves. In the intervener's third amended original plea of intervention (after claiming therein by way of subrogation under section 6a, art. 8307, R. S. 1925, the sums it had paid the injured employee Torres), it alleged that: "After this suit was brought by Joe Torres in accordance with the agreement between Joe Torres and the Maryland Casualty Company,

and after the Maryland Casualty Company had intervened, and after defendant C. C. Dishman had filed his answer, the Commercial Casualty Company, acting for C. C. Dishman and on his behalf, paid $250.00 to Joe Torres for injuries caused by the negligence of employee of said C. C. Dishman. * * * In this connection this intervenor would show to the court that on or about the 7th day of June, 1930, it paid Joe Torres $1600 in accordance with a judgment entered in this court, and at the time the said Joe Torres and this intervenor agreed that suit would be filed against C. C. Dishman by Joe Torres, and that the Maryland Casualty Company would intervene, and that any recovery would go first to. the Maryland Casualty Company until it was fully reimbursed as provided in Art. 8307, R. S. 1925. And in accordance with this agreement suit was entered by the plaintiff Joe Torres on June 9, 1930, and the Maryland Casualty Company intervened on the 13th day of June, 1930, and asked that it have its judgment in the sum of $1965.70, for the amount it had paid out to Joe Torres. Thereafter, on the 12th day of September, 1931, while said suit was still pending, the above amount was paid, as aforesaid, to Joe Torres, *thereby recognizing that Joe Torres was injured by the negligence of the servant, agent or employee of said C. C. Dishman*, and that said C. C. Dishman was bound and obligated to pay the Maryland Casualty Company $2965.70, in accordance with article 8307 R. S. 1925." (Italics ours.) $1,000 attorney's fees is included in the sum sought.

Evidently this matter of settlement was injected into the case by the pleadings of the parties who now complain of the same. The attention of the jury was first called to it when these pleadings were read.

When the plaintiff, Joe Torres, was on the witness stand, the attorney for himself and intervener, alluding to the settlement of his claim with the defendant, asked him if he did not "receive * * * money besides the money the Maryland Casualty Company paid. * * *" To this he answered "Yes." He was then asked how much, and he replied $250. Then follows a controversy between the attorneys as to the admissibility of testimony on the question of who paid him the money, and for whom the money was paid. The court made certain rulings, whereupon the attorney for the appellants stated: "I will withdraw those questions, that is, the questions that were objected to, your Honor, I can prove it by another witness." Thereafter the plaintiff called the defendant C. C.

Dishman as a witness, and the attorney for the intervener elicited the following:

"Q. You yourself did not pay Joe Torres any money, did you? A. I settled with him, yes sir.

"Q. I say, you did not pay it yourself, personally? A. I caused it to be paid.

"Q. But personally it did not come out of your money? A. Well, no, I did not pay it personally."

In view of the appellants' pleadings and the fact that these matters were first brought into the case by appellants, we are of the opinion that there is no merit in the contention here made. Their purpose in bringing it into the case appears pretty clearly from that portion of their pleading wherein it is stated that, in making the settlement with Torres and paying him the $250, the defendant Dishman "thereby recognized that Joe Torres was injured by the negligence of the servant, agent or employee of said C. C. Dishman." This is a statement of the natural effect such testimony was likely to have, and such effect was beneficial rather than harmful to the appellants. Whether material and admissible or not, it had a very definite bearing on the question of negligence which plaintiff and intervener had taken the burden to establish.

Further, the testimony challenged by this proposition was merely cumulative of the testimony previously given by the defendant Dishman in response to questions propounded to him by the intervener's attorney on direct examination. If there be any error in the admission of the testimony, it is harmless.

By the fourteenth proposition it is contended that, "where the workmen's compensation carrier, after settling a claim for workmen's compensation by paying $1,600.00 and the doctors' bills of the claimant, sues a negligent third party who injured the claimant, it should be allowed to prove the amount of the doctor bill without proving that it came within the twenty-eight day period, as the Maryland Casualty Company tried to do in this case."

If we are correct in the conclusions hereinbefore reached, especially those involving primary negligence of the defendant and contributory negligence of the plaintiff, it is unnecessary to pass on this question. It becomes immaterial. The other points are decisive of the appeal.

For the reasons assigned, the judgment of the trial court is affirmed.