## AGEY v. RED STAR SUPPLY CO.

### No. 3609.

Court of Civil Appeals of Texas. El Paso.

Jan. 20, 1938.

W. J. King, of Henderson, on the brief and Brachfield & Wolfe, of Henderson, for appellant.

R. B. Stephen, of Henderson, for appellee.

WALTHALL, Justice.

This appeal is from an order of the county court of Rusk county, Tex., overruling defendant's plea of privilege to be sued in Dallas county, the alleged county of his residence.

This suit was brought by appellee, Red Star Supply Company, a corporation, against appellant in the county court of Rusk county, its petition declaring upon an open account for $367.50 for goods sold and delivered to him at the several times specified, and for certain labor and services performed for him at the several times specified, and for a reasonable attorney's fee, in the event it became necessary to take legal action on the account. The petition then stated that the account was past due, demand and refusal to pay, necessity for legal action, the employment of an attorney, and a reasonable attorney's fee, for which appellee asked judgment, interest, and costs.

To appellee's suit appellant filed his verified plea of privilege, in usual form, to be sued in Dallas county, alleging that Dallas county is his place of residence, and that no exception to exclusive venue in the county of one's residence exists. Thereupon appellant moved the court to stay all further proceedings in the suit and to have all pleadings and files transferred to the county court of Dallas county, and to make all such further orders to that end. To appellant's plea and motion appellee filed a verified controverting answer to the effect that appellant, at the time suit was filed and service was had and for eighteen months prior thereto, maintained and now maintains an office at 319 First National Bank Building in Henderson, Rusk county, Tex., in the name of Agey Drilling Company, with a telephone listed in the telephone directory

of the city of Henderson under No. 841, at which office appellant conducts regular business and keeps an agent on duty at the same at all times during regular business hours; and appellee further alleged that at the times above alleged appellant, W. M. Agey, "was maintaining and is now maintaining a furnished dwelling house near Henderson, in Rusk county, Texas, which is exclusively occupied as a residence by the said W. M. Agey and his family when they are in East Texas."

Appellant answered the controverting plea by general demurrer, special exception, and general denial. The demurrer and exception were not presented to nor passed upon by the court, and for that reason were waived.

The court heard the evidence and overruled the plea. The case is here on appeal from the order overruling the plea of privilege.

## Opinion.

The evidence shows the following: A Mr. King rented a house in Crimcrest; a witness testified that he had lived until recently at Turner's Courts in Crimcrest about a mile and a quarter west of Henderson; knew W. M. Agey, having worked for him; knew the house where Agey stayed when in Henderson, the witness having to pass the house every morning, and that on several occasions, five or six times in the past several months, he had seen Agey leave the house where he had seen him with a lady; that the house is west of Henderson, in Rusk county. W. J. King testified: He was employed by Agey Drilling Company; he (witness) rented a house used by the men, naming them, employed by the Agey Drilling Company, and also Agey spent the night in the house when they were in town; that Mrs. Agey lived in Dallas, Dallas county, Tex.; that Agey Drilling Company maintained an office in Henderson, Rusk county, Tex.; witness (King) stayed in said office during office hours; that the Agey Drilling Company is listed in the telephone directory in Henderson.

Appellant, Agey, testified: The Agey Drilling Company had a house in Crimcrest where he and some employees of the company spent the night when in town (Henderson); that he had maintained a house in Crimcrest before he maintained the house which is now occupied by him when he is in Henderson; that he had so been maintaining a house for some eighteen months or two years; that he stayed in the house perhaps two or three nights every three weeks; that he lived in Dallas, Dallas county, Tex., and that he had a wife who lived there; he was in the drilling contract business; he had a drilling crew in East Texas, in Monahans, in West Texas, and in the Panhandle; that he spent several days and nights every two or three weeks with each crew; that his wife lived in Dallas, Tex.; that he lived with her; that he voted in Dallas county and paid his poll tax in Dallas county, and exhibited his poll tax receipt.

Appellee introduced in evidence a power of attorney copied in the deed records, executed by Agey in 1934, the reading of which commenced as follows: "The State of Texas, County of Rusk.

"Know all men by these presents, that I, W. M. Agey, of the above County and State, doing business as Agey Drilling Company, and being the sole owner thereof, do hereby," then proceeding in the usual form making the appointment, and acknowledged before a notary public in Rusk county.

The foregoing is substantially all of the evidence.

Appellant submits that the uncontroverted evidence shows him to be a "resident of Dallas county, and that no exception to exclusive venue in the county of one's residence existed."

Article 1995, the venue general rule, provides: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases," naming them. The suit is upon an open account, and no suggestion of a promise in writing to pay in Rusk county. The only fact sought to be established by the evidence was that appellant, at the time of the filing of the suit, had his domicile in Rusk county. Article 2958, of the Revised Civil Statutes, fixes the "residence" of a married man, unless permanently separated from his wife, as where his wife resides.

Appellee's counter proposition and contention here is, that the uncontroverted evidence shows that appellant maintains more than one place of residence in the state at the same time; that one place of residence is in Rusk county; and that the law as to venue is satisfied by a suit at either place.

Appellee refers us to a number of cases as sustaining its contention. We cannot,

in the short space of an opinion, review all of them. We have read them. The evidence here does not show, we think, any uncertainty as to appellant's residence at any time; certainly it does not show that appellant's wife at any time resided in Rusk county, or at any place other than at Dallas; nor does the evidence show that appellant ever claimed any place of residence other than Dallas, or resided in Rusk county, except for a few days at any time, and then in connection with his drilling business.

In Pearson v. West, 97 Tex. 238, 77 S.W. 944, to which we are referred, and in which case the Supreme Court said the suit could be brought in either Bexar county or in Live Oak county, the facts are stated to be established by the undisputed evidence and show that West owned a residence in each of the two counties at the same time; that he resided at his Live Oak ranch residence with his family a part of the time, and resided at his residence in Bexar county with his family a part of the time. The case is so different in its facts from the present case that it has no application other than that a person may maintain two residences at the same time, at either of which venue may be had. Here, there is no controversy in the evidence as to any fact. The question then becomes one of law.

The evidence, without controversy, shows that appellant resided with his wife in Dallas county. To maintain the venue in Rusk county the evidence must show, as contended by appellee, that appellant maintained two residences, one of which was in Rusk county, within the meaning of article 1995 of the venue statute.

The evidence clearly shows, we think, that appellant was in Rusk county temporarily, and for a few days at a time, where he had a drilling crew, as he had in other parts of the state. True, he had a place of residence at Henderson for some of his employees, and where he stayed when there, but as said by Judge Barcus, in Joy v. Marshall Field & Co., Tex.Civ.App., 51 S.W.2d 731, and cases referred to, and by Judge Hickman, in Caprito v. Weaver, Tex.Civ.App., 63 S.W.2d 1043, and cases there referred to, that where one transacted business in a county and spent considerable time there, did not make such county his domicile or residence there, and where he may own a business or have an interest, does not of itself constitute his residence within the meaning of our venue statute.

We have concluded the court was in error in overruling the plea.

The case is reversed and the trial court is directed to transfer the cause to the county court at law of Dallas county.