### SNIDOW et al. v. GAGE et al.
### No. 3732.

Court of Civil Appeals of Texas. El Paso.

June 23, 1938.

Rehearing Denied July 14, 1938.

Ralph A. Dunkelberg, of Brownsville, and Fred J. Dudley, of Dallas, for appellants.

Rosser J. Coke and Coke & Coke, all of Dallas, for appellees.

HIGGINS, Justice.

Appellees, on June 21, 1937, filed this suit in the District Court of Dallas County against H. D. Burkholder and J. C. Snidow. In the first count of the petition recovery of damages was sought for the alleged conversion of certain chattels. In the alternative second count a sale of the property was alleged and recovery of its purchase price sought.

Defendants filed a joint plea of privilege in which they alleged Snidow and Burkholder, at the time of the filing of the suit and at the time of the filing of the plea, were not residents of Dallas County, but upon said dates Burkholder resided in Cameron County, Texas, and Snidow in Brooks County, Texas. Controverting affidavit was filed in which it was alleged plaintiffs were residents of Dallas County and defendants were non-residents of the State of Texas, being residents of the State of Virginia. The plea of privilege was overruled and the defendants appealed. Later Snidow, in this Court, abandoned his appeal and waived his right to be sued in Brooks County.

J. C. Snidow testified by deposition he was personally served with citation in this case, and at the time he was so served he

resided at Falfurrias, in Brooks County, Texas, where he also resided June 21, 1937, and had resided there in 1937 from May 5, 1937, to July 3, 1937; he is operating a canning factory there and would reside there about three months in 1938; his entire family, wife and two children, resided with him during such time; they resided in an apartment and owned an interest in property or in a business in Texas; he owned an interest in Texas Canning Company at Falfurrias, Texas, and in building equipment of Texas Canning Company at Brownsville, Cameron County, Texas, one-fourth interest; that he would personally supervise the operation of the canning factory at Falfurrias, Brooks County, Texas, from about December first to July first during that year and in the future and during that time would reside at Falfurrias, Brooks County, Texas.

On cross-examination Mr. Snidow testified he was married, had two children, one boy, twenty-one, and one girl, nineteen, and lived with his wife and children, and at the time of taking the deposition was living in Christiansburg, Virginia; he had resided in Giles County, Montgomery County, and Roanoke County, Virginia, practically his entire life, lived in Christiansburg, Virginia, and his family lived there in 1935; he and his family lived at the same place in 1936, and in 1937 he and his family lived in Christiansburg, Virginia and in Falfurrias, Brooks County, Texas; that he owns no home; in 1935, 1936 and 1937 his children went to school in Virginia; that, other than Texas, he visited a number of states in 1935, 1936 and 1937; on such visits he carried his family with him and they were with him the entire time he was in Texas; he first visited Texas in January, 1937, remaining about twenty days; at that time he stayed at hotels in Brownsville and Falfurrias, and was in Brooks County about ten days, again visited Falfurrias in February, 1937, arranged for a canning business in Falfurrias and Brownsville, and returned to Falfurrias the first of May and resided there and operated the canning factory during the months of May and June, and at the time of the taking of the deposition was residing with his family in Virginia; he owns no home in Virginia but has rented one for many years in Christiansburg, Virginia; he owns no home in Brooks County, Texas, was an inhabitant of said county part of the time in 1937 and will be part of the time each year in the future and was domiciled in Brooks County, Texas, part of 1937 and will be part of the time in the future; he is going to permanently operate a canning factory at Falfurrias in said county, and in 1937 while operating said factory, resided in an apartment over a theatre; appellant, H. D. Burkholder, operated a canning plant at Brownsville in 1935 and again in 1937 permanently. "We own canning factories at Brownsville and Falfurrias, Texas, and have an investment of around $9,000 in Brownsville located on lease from Missouri-Pacific Railroad;" he and appellant H. D. Burkholder each have a one-fourth interest in the plants in both Brooks County and Cameron County, Texas. In answer to the question as to his then permanent place of abode, he answered it was divided, partly in Virginia and partly in Texas; that at the time he was living in Virginia. He intended to return to Texas in about twenty days; he does not know when appellant H. D. Burkholder intends to return to Texas; Burkholder operates several canning factories in Virginia; he, Snidow, will be in Brooks County, Texas in about twenty days where service of copy of appellees' controverting affidavit can be made on him; witness intends to reside in Texas a part of his time each year while operating his business in Texas, and his family will reside with him in Texas while he is there; that he did not withdraw all his funds from any bank in Brooks County, Texas when he left Texas and returned to Virginia, but has funds in the First National Bank at Falfurrias, Texas; he intends to return to Brooks County, Texas, and operate a canning plant and does not know whether he will return to Virginia when the canning season is over; he owns no interest in a hotel, rooming house, apartment house or residence in Texas, and that the canning plant in Brooks County is owned by Texas Canning Company, consisting of four partners.

Burkholder's testimony is substantially the same as that of Snidow, except that his child is too young to attend school and he owns a two-story home in Bedford County, Virginia.

Findings were not filed by the trial court, and in support of its ruling it will be assumed the court found the defendants were non-residents of Texas. Such finding will be sustained by this Court if the evidence is sufficient to support such an implied finding. Bolton v. Alley, Tex.

Civ.App., 25 S.W.2d 638, 639. It is true the defendants testified that upon the date of the filing of the suit and at the time the plea of privilege was filed they were residing, respectively, in Cameron and Brooks Counties in this State. This is a conclusion of the witnesses and not necessarily controlling upon the issue. The concrete facts to which each of them otherwise testified warranted the trial court in finding as a fact their presence in Texas was purely casual; that they never acquired a residence in and became residents of Texas, but that their presence in the State was purely casual and temporary in connection with the canning business operated by them in this State; that they never became residents of Brooks and Cameron Counties within the fair meaning of our venue statute (Article 1995, Vernon's Ann.Civ.St. art. 1995); that at all times they were within the meaning of the statute non-residents of Texas, residing in Virginia. Agey v. Red Star Supply Co., Tex.Civ.App., 113 S.W.2d 212; Joy v. Marshall Field & Co., Tex.Civ.App., 51 S.W.2d 731; Blucher v. Milsted, 31 Tex. 621; Brooks v. Bonner, Tex.Civ.App., 149 S.W. 564; Caprito v. Weaver, Tex.Civ.App., 63 S.W.2d 1043; Devereaux v. Rowe, Tex.Civ.App., 293 S.W. 207.

Considering the evidence as a whole it is sufficient to support a finding that defendants were non-residents of Texas residing in the State of Virginia. The venue of the suit was, therefore, properly laid in Dallas County where the plaintiffs reside.

Affirmed.