## ANDERSON v. FIRST NAT. BANK IN DALLAS.

### No. 3706.

Court of Civil Appeals of Texas. El Paso.
June 30, 1938.

Geo. Sergeant and Garland Armstrong, both of Dallas, and Correll & Flowers, of Perryton, for appellant.

Thomas G. Murnane and Coke & Coke, all of Dallas, for appellee.

NEALON, Chief Justice.

Appellee, a corporation domiciled in Dallas County, sued appellant in the District Court of that county alleging that appellant resided in Beaver County, Oklahoma, but could be temporarily found or located in Ochiltree County, Texas. Appellant filed a plea of privilege to be sued in Ochiltree County. Appellee filed a controverting affidavit which conformed to the allegations of its petition as to residence. After proving its debt, appellee introduced in evidence direct interrogatories that had been propounded to the appellant and the answers thereto. Appellant introduced the cross-interrogatories and answers. The court overruled the plea of privilege. Defendant below (appellant here) appealed.

Opinion.

Appellant urges but one assignment of error. It reads as follows: "The court erred in overruling the plea of privilege for the reason that the plea of privilege asserting a residence in Ochiltree County, Texas, was amply supported by the proof that appellant owned both city and farm property in such county; that he carried on a farming, grain and elevator business therein; spent most of his time there, slept there a part of the time and therefore was an inhabitant of the State of Texas with a legal residence in the State of Texas as well as out of it and therefore entitled to be sued in the county of such residence."

A portion of appellant's testimony is as follows:

"Q. Is it not a fact that your home is located in Beaver County, Oklahoma? A. My family resides in Beaver County, Oklahoma.

"Q. Did you vote in the general elections of November, 1936, and if your answer is yes, then state where, in what town or precinct, and in what state you cast such vote? A. Yes, I cast my vote in Beaver County, Oklahoma.

"Q. Is it not a fact that the home place in which your family resides is in the State of Oklahoma? A. It is.

"Q. Is it not a fact that you usually return each day to your home in the State of Oklahoma? A. Usually do, but not always."

After testifying that he owned property and conducted a business in Ochiltree County, Texas, and purchased the supplies for his home and family in that county, he further testified:

"Q. How much of your time do you spend in Ochiltree County, Texas, in connection with your business situated in said county? A. All that my business requires.

"Q. Are there certain seasons which require more time in your office in Ochiltree County, Texas, than others, and if so, why? A. During wheat harvest it requires all of my time, and sometimes practically all night. And during broom corn time requires most of the time in the field buying,

and not so much time in the office and warehouse.

"Q. During the busy season in your line of business that you have in Ochiltree County, Texas, do you always return home at night? A. Not always. Sometimes work at night."

In this state of the evidence the court did not err in overruling the plea of privilege. Agey v. Red Star Supply Co., Tex.Civ. App., 113 S.W.2d 212, 213, and cases cited therein. .

Judgment is affirmed.