## ALLSMAN v. YOUNG.

### No. 3388.

Court of Civil Appeals of Texas. Beaumont.

Feb. 22, 1939.

Rehearing Denied March 8, 1939.

Battaile, Burr & Holliday, of Houston, for appellant.

Elton Cruse, of Beaumont, for appellee.

WALKER, Chief Justice.

This was an action filed by appellee, Miss Elma Young, against appellant, Harry Allsman, in the district court of Jefferson County for damages for personal injuries suffered by her in an automobile collision in the State of Louisiana. Appellant answered by plea of privilege, duly controverted by appellee, to be sued in Smith County. On hearing, the plea of privilege was overruled, and appellant has duly prosecuted his appeal to this court. In support of the judgment the following conclusions of fact and law were filed:

"1. I find that at the time this suit was filed and at the time this Plea of Privilege was filed that the defendant, Harry Allsman, his wife and family lived in Tyler, Smith County.

"2. I find that the defendant, Harry Allsman, on September 15, 1937, by pleadings in a companion case through duly authorized representatives, represented under oath that the said Harry Allsman was a resident of and domiciled in Houston, Harris County, Texas.

"3. I find that the defendant, Harry Allsman, authorized listings in the Houston Telephone Directory showing the listing of a residence telephone under his name.

"4. I further find that no change has occurred as to the domicile of the said defendant, Harry Allsman, since September 15, 1937."

"1. I conclude that said defendant's conduct and representations as above set forth were a waiver of his rights, if any, to be sued in Smith County, Texas.

"2. I conclude that the acts and representations of the defendants as above set forth estopped the defendant to assert his privilege, if any, to be sued in Smith County, Texas."

The facts found by the court do not support the judgment. Subject to the exceptions enumerated, Art. 1995, R.S.1925, provides: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except * * *."

The first fact conclusion brings this case within the quoted provisions of Art. 1995; the other fact conclusions do not invoke any of the exceptions enumerated in this article. Agey v. Red Star Supply Co., Tex.Civ.App., 113 S.W.2d 212; Caprito et al. v. Weaver et al., Tex.Civ. App., 63 S.W.2d 1043; Joy v. Marshall Field Co., Tex.Civ.App., 51 S.W.2d 731. Nor do the facts found by the court support the legal conclusions of "waiver" and "estoppel." Appellant did nothing—is not charged with doing anything—constituting either a waiver or an estoppel. The facts relied upon to establish these issues grew out of a companion case, filed and prosecuted in the State of Louisiana. It is not charged that appellant, personally, made any representations in that case, or knew the nature of the representations made by his representative. Certainly it cannot be said that the facts found by the court constitute "waiver" as thus defined in Missouri, K. & T. Railway Co. v. Hendricks, 49 Tex.Civ.App. 314, 108 S.W. 745, 749: "A waiver is the intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right. A waiver, so called, is the result of an intentional relinquishment of a known right. 29 Am. & Eng.Enc.Law (2d Ed.) p. 1091. It has been held that a waiver never occurs unless intended, or where the act relied on ought in equity to estop the party from denying it." Nor do the facts found by the court constitute estoppel. Sovereign Camp, W. O. W. v. Bailey, Tex.Civ.App., 277 S.W. 782; Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S.W. 438.

It is insisted that appellant did not except to the conclusions of fact. Exceptions were not necessary. The facts found do not support the judgment; the error is fundamental.

The judgment of the lower court is reversed and the cause remanded with instructions to transfer this case to Smith County.