## FELIX A. BLUCHER v. AARON G. MILSTED.

The 1st section of the act of 1846, to regulate proceedings in the district
court, declares that "no person who is an inhabitant of this state shall be
sued out of the county where he has his *domicil*," with eleven exceptions.
(Paschal's Dig., Art. 1423, Note 533.)

Where it was clearly proved that the defendant's domicil was in the county
of N. and he was sued in the county of C., the fact that he did business in
the county of C. did not give jurisdiction, and the plea should have been
sustained.

Where the facts were all submitted to the judge, who erroneously found the
plea to the jurisdiction against the defendant, the court reversed and re-
formed the judgment.

APPEAL from Cameron.  The case was tried before Hon.
ELISHA BASSE, one of the district judges.

Upon the plea to the jurisdiction, the defendant proved
a *non est* upon the original citation, which was directed to

the sheriff of Cameron county, and service on the citation addressed to the sheriff of Nueces county. He also proved his homestead and domicil of his family in that county for twenty years.

The defendant proved that he had "lived off and on in Cameron county since 1859;" that during that period he had once been elected as city and once as county surveyor; that he had been a soldier in the Confederate army, and at the "break up," in 1865, he had gone to Mexico and joined Maximilian's army; that upon the downfall of Maximilian, in 1866, he returned, and was elected city surveyor, which office he held three months, and then returned to his family in Nueces county. The suit was instituted 26th September, 1866.

The issue was submitted to the court, which found the plea for the plaintiff, and rendered judgment for the amount of the note in his favor.

*Stephen Powers*, for appellant, argued the case upon the facts.

*Frank E. McManus*, for appellee, argued that the defendant did not show his domicil to be in Nueces county, and relied upon Brown v. Boulden, 18 Tex., 432; Wilson v. Bridgman, 24 Tex., 615.

MORRILL, C. J.—Suit upon a note dated at Brownsville, Texas, and executed by appellant to appellee, payable on demand.

The suit was instituted on the 25th of September, 1866, in the county of Cameron.

Defendant pleaded that at the institution of the suit his residence and domicil were in the county of Nueces, verifying his plea by his oath.

The statute applicable to the question (Art. 1423) provides that "No person who is an inhabitant of this state

shall be sued out of the county where he has his domicil," with eleven exceptions, none of which affect this case.

The plea in abatement was properly pleaded, and all of the witnesses testified to the truth of the plea. The plaintiff introduced testimony showing that defendant held an office in Brownsville from June, 1866 to September of the same year, and there was a discrepancy of the testimony as to the defendant's residence at the institution of the suit. The plaintiff seems to have had the opinion that if defendant was transacting business in Brownsville, in Cameron county, he could be sued there, notwithstanding he had a domicil in Nueces county. But such is not the case. The statute uses the word domicil, which has a well-known meaning. A married man may have his domicil in one county and transact business in another.

As the testimony is conclusive and uncontradicted in any respect that the domicil of defendant was in Nueces county both at the time of the execution of the note and at the time of the institution of the suit, the district court erred in not sustaining the plea in abatement.

REVERSED AND REFORMED.