CHARLES LEWIS v. W. L. DAVIDSON, EXECUTOR.

1. VENUE—DEATH OF ONE DEFENDANT.—Where suit was properly brought against two defendants in the county of the residence of one of them, and the defendants have pleaded to the merits, the death of the defendant residing in the county where suit was brought, and dismissal as to the estate, will not defeat the jurisdiction as to the other defendant.

2. LIMITATION—REMEDY.—To an action upon an account over two years old, a plea of limitation was made December, 1869. The cause was not tried until after the Constitution of 1869 took effect, suspending the statutes of limitations : *Held*, That the effect of the plea was avoided by the Constitution.

ERROR from Harris. Tried below before the Hon. James Masterson.

This was a suit brought July 10, 1868, in the District Court of Harris county, by W. L. Davidson against William T. Austin and Charles Lewis, as partners, under the firm name of W. T. Austin & Co., to recover upon two promissory notes signed " W. T. Austin & Co.," dated December 23, 1867, one for $3,448.11, gold, due thirty days, and the other for $3,443, gold, due sixty days after date.

· W. T. Austin answered, acknowledging his liability on the notes, and set up the history of the same, stating that they were given in settlement of a long running account that commenced during the partnership of himself and one Trube, under the firm name of W. T. Austin & Co.; that after the death of Trube the account was kept up with him, W. T. Austin, alone, and afterwards of W. T. Austin, Lewis & Co., of which last-named firm Charles Lewis, plaintiff in error, was a member; that after the dissolution of the firm of W. T. Austin, Lewis & Co., which took place in March, 1867, it was still kept up with W. T. Austin alone, doing business under his first firm name (with which Lewis had no connection) of W. T. Austin & Co.; that said account was afterwards, December 23, 1867, fully settled with W. L. Davidson by the notes before named, some nine months after the firm of W.

T. Austin, Lewis & Co. had been dissolved; that Charles Lewis had nothing to do with the firm of W. T. Austin & Co. which signed the notes, and that Davidson well knew it.

Charles Lewis, plaintiff in error, in his own behalf, answered by a plea of *non est factum*, duly sworn to; as to the notes sued on, that he never executed said notes, nor any one for him; that he never was a member of the firm of W. T. Austin & Co., whose signatures were to the notes; that he was not a partner with Austin at the date of the notes, and that the firm of which he was formerly a member with Austin was that of W. T. Austin, Lewis & Co.

May, 1869, Davidson, the plaintiff below, filed an amended petition, claiming, in effect, that he supposed that Charles Lewis was a member of the firm of W. T. Austin & Co. at the time of the execution of the notes, and set up a history of the transaction, and again prayed for judgment on the notes.

November, 1869, a second amended petition was filed by Robert Davidson, executor of the original plaintiff below. It set up a detailed history alleged to be connected with the execution of the notes, and prayed that he may recover on an account which he says was not itemized, but an account stated, the said notes being that account stated.

To the second amended petition Charles Lewis filed a demurrer, on account of its vagueness and not informing him what cause of action was relied upon.

Lewis also pleaded the statute of limitation of two years against the account sued on, and set out that Davidson took said notes of W. T. Austin & Co. in full satisfaction of all claims he had against the firm of W. T. Austin & Co. and W. T. Austin, Lewis & Co.; and that he knew at the time that Lewis was not a member of the firm of W. T. Austin & Co.; and that at the date of the notes the firm of W. T. Austin, Lewis & Co. had been dissolved some nine months, and that Davidson had notice of and knew it.

The demurrers were overruled by the court.

Afterwards, in December, 1869, R. Davidson, executor of original plaintiff, filed the third amended petition, which is a reiteration of his second amendment, and prayed for judgment on an account stated.

Plaintiff below filed a fourth amended petition, and abandoned his suit upon the notes above mentioned, and sued upon an account stated for proceeds of cotton and wool sold on commission, &c., claiming that the notes themselves constituted the account stated. Plaintiff also alleged fraud in concealing from him the dissolution of the firm of W. T. Austin, Lewis & Co., and that Lewis and Austin had his money in a fiduciary capacity, &c. The plaintiff Davidson brought the notes into court and asked that they be cancelled.

Lewis filed amended answer to the last-named fourth amended petition; demurred generally and specially; set up the statute of limitations by special demurrer, and adopted his other pleas.

Judgment was rendered for plaintiff, which was reversed on appeal. (39 Tex., 660.)

August 11, 1874, death of Davidson was suggested and *scire facias* ordered.

November 4, 1874, plaintiff Davidson dismissed his suit as to Austin, on account of his death and insolvency.

After the suit was dismissed as to Austin, and on the same day, Lewis pleaded to the jurisdiction of the court as to his person, he not being a resident of Harris county, as appeared by the plaintiff's petition, and he stated that this plea would have been made before, but that Austin, who was sued with him, was a resident of Harris county, thus giving the court jurisdiction over him in Harris county so long as Austin was kept as party defendant.

The above plea was stricken out on motion of plaintiff Davidson; to which ruling of the court Lewis excepted.

Judgment was rendered for Davidson, against Lewis, for $4,026.11.

Motion for new trial was made by Lewis and overruled, and he appealed.

*Charles Stewart* and *D. U. Barziza,* for plaintiff in error.

I. The court erred in overruling Lewis' demurrers and exceptions. (White *v.* Tudor, 24 Tex., 641; Haddock *v.* Crocheron, 32 Tex., 278; Speake *v.* White, 14 Tex., 364; 3 Kent's Comm., p. 50, note 351; Story on Part., secs. 323, 324; Van Keuren *v.* Parmelee, 2 Comst., (N. Y.,) 523; Bell *v.* Morrison, 1 Pet., 351.)

II. When the suit was dismissed as to Austin, whose residence in Harris county alone gave the court jurisdiction over the person of Charles Lewis, then, at the same time, Lewis could claim that it should be dismissed as to himself. (Henderson *v.* Kissam, 8 Tex., 55; Horton *v.* Wheeler, 17 Tex., 56.)

*W. H. Crank,* for defendant in error.—The taking of the notes of W. T. Austin & Co. by the testator of defendant in error, did not, of itself, release the firm of Austin, Lewis & Co. from their indebtedness, and the suit, though originally instituted to recover an amount due on the notes, could properly, by plaintiff's pleadings, be changed to a suit on an account, and the law was correctly charged by the court. (Lewis *v.* Davidson's Executor, 39 Tex., 665, 666; Tudor *v.* White, 27 Tex., 585; White *v.* Tudor, 32 Tex., 762; Brisban *v.* Boyd, 4 Paige's Ch., 22; 1 Smith's Lead. Cas., ed. 1855, 453–457.)

There being no statement of facts, every presumption will be indulged in favor of the judgment; and it will be presumed that everything was proved which was susceptible of proof under the pleading; and the court will not revise the charge of the court below unless the pleadings show that the charge is necessarily erroneous. (Campbell *v.* Skidmore, 1 Tex., 476; Robbins *v.* Kimble, 2 Tex., 258; Holman *v.* Britton, 2 Tex., 299; Curry *v.* York, 3 Tex., 357; Walling *v.* Kinnard, 10 Tex., 512; Baldwin *v.* Dearborn, 21 Tex.,

448; Armstrong *v.* Lipscomb, 11 Tex., 654; Fulgham *v.*
Bendy, 23 Tex., 65; Birge *v.* Wanhop, 23 Tex., 441.)

The plaintiff had a right to discontinue as to one of the
parties jointly sued, particularly when the suit had abated by
the death of one of said parties; and upon the motion and
the facts shown, the court committed no error in dismissing
as to Austin. (Paschal's Dig., arts. 36, 38, 39, 1448, 5490;
Ellis *v.* Park, 8 Tex., 205.)

III. The plea to the jurisdiction and in abatement was
properly overruled. It was not filed in due order of plead-
ing; it was filed too late, after exceptions to the petition, and
long after the court had rightfully acquired jurisdiction, and
long after Lewis had submitted to the jurisdiction by filing
his several answers and contesting the case on its merits.
(Paschal's Dig., art. 2; Cook *v.* Southwick, 9 Tex., 620; Tay-
lor *v.* Hall, 20 Tex., 215; Drake *v.* Brander, 8 Tex., 352;
Campbell *v.* Wilson, 6 Tex., 391; Wilson *v.* Adams, 15 Tex.,
323; Sheppard *v.* Graves, 14 How., 505; Sayles' Plead., secs.
78, 79.)

IV. The jurisdiction of the court depended upon the state
of things existing at the time the suit was commenced, and
having been once rightfully acquired and properly vested, it
cannot be ousted by subsequent occurrences or accidents, nor
will the defendant be allowed to impeach it by extrinsic evi-
dence arising out of subsequent occurrences. (Whiting *v.*
Briscoe, Dall., 540; Wilson *v.* Bridgeman, 24 Tex., 617; Ban-
ton *v.* Wilson, 4 Tex., 404; Mollan *v.* Torrance, 9 Wheat.,
537; Morgan's Heirs *v.* Morgan, 2 Wheat., 290; Smith's Lead.
Cas., 832; Fisher *v.* Bassett, 9 Leigh, 119; Cox *v.* Thomas,
9 Grat., 323.)

Upon a review of the whole record the judgment of the
court below is in all things correct, and the court will so pre-
sume until the contrary is shown. (St. Clair *v.* McGehee, 22
Tex., 6; Curry *v.* York, 3 Tex., 357; Walling *v.* Kinnard,
10 Tex., 512; Holman *v.* Britton, 2 Tex., 300; Pierce *v.* Pierce,
21 Tex., 471; Ward *v.* Ringo, 2 Tex., 420.)

BONNER, ASSOCIATE JUSTICE.—As there is no statement of facts in this case, the presumption must be indulged, in support of the judgment below in favor of W. L. Davidson, executor, that the evidence was sufficient to sustain the allegations in his pleadings; and the plaintiff in error is not entitled to a reversal, except for such fundamental errors of law, if any, as may be apparent of record.

The action of the court sustaining the exceptions of the plaintiff to the plea in abatement of the defendant Charles Lewis, is assigned as error.   This plea set up that the court had no jurisdiction of the person of this defendant after the suit had been dismissed as to his co-defendant Austin, he residing in a different county from that of his said co-defendant, in which the suit was brought.

It is a sufficient answer to this objection, that several terms of the court had passed; that the case had been tried in the District Court and reversed on error in the Supreme Court; and that defendant Lewis had long before pleaded to the merits.

If the privilege to have been sued in the county of his residence had not thus been waived by the defendant, yet the suit was properly brought in the county of Harris in the first instance, as the co-defendant Austin then resided there; and the fact that he subsequently died, and the cause was dismissed as to him, would not divest the previously-acquired jurisdiction over the other defendant, any more than a removal from the county would have done.   To hold otherwise, and to require in such cases that a new suit should be instituted in the county of the residence of the remaining defendant, would frequently result in serious injury to the plaintiff, as his claim, without any fault on his part, might have become barred by the statute of limitations.

It is further assigned, that the court erred in overruling the defendant's demurrers to the plaintiff's pleadings.

This question as to the general merits of the cause of action was *res adjudicata,* as it had been held good on demurrer by

the former decision of this court in this very case. (Lewis v. Davidson, 39 Tex., 660; Meyers v. Dittmar, 47 Tex., 373.)

To the last amended petition, filed December 7, 1869, the defendant by special demurrer set up the statute of limitations of two years. At that time the Constitution of 1869 had not been adopted, which suspended the statute of limitations from January 28, 1861, to March 30, 1870. (Const. 1869, art. 12, sec. 43.)

This was in force, however, at the date of the trial below, from which this writ of error is prosecuted.

It is the settled law of this court, that the statute of limitations so far pertains to the remedy as not to confer such vested right as would prohibit by the organic law an extension of the time in which suit may be instituted. (Bender v. Crawford, 33 Tex., 745; Bentinck v. Franklin, 38 Tex., 458; Wood v. Welder, 42 Tex., 409.)

Even had the demurrer been well taken at the time, under this subsequent law pertaining to the remedy, in force at the trial, it ceased to be available. (Railroad Co. v. Graves, 50 Tex., 181.)

There being no error of law apparent upon the record, the judgment below is affirmed.

AFFIRMED.