B. A. BRUNDIGE ET ALS. v. R. A. RUTHERFORD.

(Case No. 3154.)

1. PROBATE OF WILL — CITATION.— In a suit brought in the district court, under the probate law of 1870, to probate the will of one who did not reside in Texas at his death, notice should be given by citation to all parties interested in the administration, in like manner as is directed (Pasch. Dig., 5533) in case of wills of residents, and no particular individual can be properly made defendant.
2. ESTABLISHMENT OF WILL AS MUNIMENT OF TITLE.— In a suit brought to establish as a muniment of title a will probated in another state, its regular probate in this state should be shown; and a certified copy of the same, and its probate in such other state on evidence sufficient to admit it to probate here, are inadmissible.
3. SAME — MISJOINDER OF PARTIES.— In such a suit by parties claiming under the will of the son of the original grantee of the land, and brought not for the land or for trial of the title thereto, but merely to perfect and establish their muniment of title, one alleged to claim the land by purchase from certain heirs of the original grantee is not a proper party, and can plead misjoinder in abatement.
4. SAME — PLEA TO THE JURISDICTION.— In such a procedure, where no facts are shown giving the county in which the suit is brought jurisdiction, and the defendant resides in another county and pleads to the jurisdiction, the plea should be sustained.

APPEAL from Bastrop. Tried below before the Hon. J. P. Richardson.

This suit was brought March 3, 1874, in the district court of Bastrop county, by B. A. Brundige and his wife, L. A. Brundige, John N. Cartwright, Charles W. Cartwright, William Cartwright, David Cartwright, Ellen Cartwright, and John and Isabell Smithwick, minors without guardian, by their next friend, B. A. Brundige, alleging that they were the children and heirs at law of C. W. Cart-

wright, deceased, late of said Bastrop county; that said C. W. Cartwright, their ancestor, was a devisee under the will of Edward Daniels, of a league and labor of land which had been granted by the republic of Texas to the father of said testator. The petition made as parties defendant, W. D. Daniels and Virginia Daniels, who were alleged to reside in Williamson county, state of Texas; John Gray and wife, Ida Gray, of the county of Bastrop; and R. A. Rutherford, of the county of Travis, in said state; alleging that W. D. Daniels, Virginia Daniels, and John Gray and wife, Ida, claimed an interest in the lands mentioned in the will by virtue of heirship; and that R. A. Rutherford also claimed by purchase from certain of the heirs of the original grantee, to wit, the father of Edward Daniels, the testator.

The original petition alleged that Edward Daniels, the testator, died in Williamson county, Tennessee, in the year 1854, leaving a will, which was duly probated in that county and state; a duly authenticated copy of the same, with the probate thereof, was attached as an exhibit to, and was made a part of the petition, from which it appeared that the will was thus probated in the same year. The devises under which the plaintiffs claimed were in substance the following, viz.: To John N. Cartwright, son of C. W. Cartwright, the testator's interest in a six hundred and forty acre tract of land granted to testator's father (whose name was the same as that of the testator) by the republic of Texas; and to Charles W. Cartwright the testator's interest to one league and labor of land, granted by said republic to his father. The petition alleged that the testator's interest in these lands was one-sixth. Neither the petition nor the copy of the will identified the locality of the lands, nor in anywise described them more definitely than as has been already stated.

Upon these premises the plaintiffs prayed that the defendants be cited "to show cause, if any they have, why the last will and testament of the said Edward Daniels, deceased, should not be duly established, for costs, and for general and special relief."

The defendant Rutherford filed a plea to the jurisdiction of the court over him, because it is shown that he is a citizen of Travis county, and it is not alleged that any of said lands are situate in Bastrop county; and because that, if any cause of action has ever accrued in favor of the plaintiffs against him, the same accrued in Travis county, where defendant resides.

Upon the hearing of the cause the court sustained the plea, and adjudged "that the plaintiffs take nothing by this suit as to the said R. A. Rutherford, but that said R. A. Rutherford do have and re-

cover, of and from the plaintiffs, all costs in this behalf expended, for which execution may issue." The order also recited that the cause be dismissed as to Rutherford, but it does not appear that any further action was taken by the court as to the cause in reference to the interests of the other parties to the suit, nor that the merits of the case were disposed of definitively.

Of the same date of the above recited judgment, viz:, the 31st day of July, 1875, was filed an amendment to the petition, to the effect that administration is then still pending in Bastrop county on the estate of Edward Daniels, who died in said county possessed of property, real and personal, and that C. W. Cartwright departed this life in the year 1856 in said county of Bastrop, and that all of the testator's relatives resided in Bastrop county. *The* Edward Daniels here referred to must refer to the ancestor of the testator. There does not appear to be in the record any order granting leave to amend to plaintiffs, nor can it be seen from the record whether this amended petition was filed before the ruling was made by the court, or that it was the subject of the court's attention or action.

The plaintiffs excepted to the judgment rendered by the court on the plea to the jurisdiction, and on their appeal assign as error the judgment sustaining said plea and dismissing this suit as to the defendant R. A. Rutherford.

*Jones, Sayers & Russell*, for appellants.

I. The only point to be considered by this court is, the judgment of the district court sustaining the plea of jurisdiction and dismissing the suit as to the defendant R. A. Rutherford. Unquestionably the court erred in rendering such a judgment. We would respectfully call the attention of this court to the fact that the petition alleges that two of the defendants reside in Bastrop county, two in Williamson county, and one (R. A. Rutherford) in Travis county. It is provided by statute that, in cases where there may be two or more defendants residing in different counties, the plaintiff may institute suit in any county where any of such defendants may reside. Pasch. Dig., art. 1423. We can see no reason why the statute referred to should not apply to and control the case at bar, as well as all others. Indeed, we think there can be none.

II. The amended petition further shows that Edward Daniels (the father of Edward, the testator, whose will is sought to be established) died in Bastrop county, and that administration was commenced and is still pending in Bastrop county upon his estate; and further, that C. W. Cartwright, the devisee, died in Bastrop county.

We ask that the judgment of the district court be reversed and the cause remanded.

*Chandler & Morris*, for appellee.

WALKER, P. J. COM. APP.— This proceeding seems to have been intended by the plaintiffs to serve the single purpose of establishing as valid and genuine the will of Edward Daniels, in order that it should thereby, when thus established, constitute their initial link of title, and an essential muniment thereof, to the land referred to in the petition. There does not appear in the plaintiffs' petition any allegation of fact, or prayer for relief, indicating that the plaintiffs sought to either procure an administration on the estate of said Edward Daniels, or to recover possession in this suit of the land in question, or to try the title thereto. Twenty years had elapsed since the death of said Edward Daniels, who died in another state, where, supposably, he then resided. The time had elapsed, under our laws, within which administration could have been opened, and the petition alleged no facts essential to have existed in order to have procured an ancillary administration to the original administration of the estate in the state of Tennessee. The petition possesses no feature whatever that associates it with a suit for the land, or having any direct relation to suits of that character; the prayer of the petition signifies distinctly and appropriately the purpose of the suit, viz., to establish the will.

Under the laws in force at the time this suit was brought, the district court possessed probate jurisdiction, as well as its ordinary law and equity jurisdiction, and it is not made to distinctly appear from the petition whether the plaintiffs sought to invoke the one or the other department of the district court's jurisdiction; the petition is not addressed to the court as one sitting for probate purposes, nor does it ask for the issuance of the citation, as notice of the application to probate the will, as is contemplated in art. 5533, Pasch. Dig., viz., posted notice to "*all persons interested in the administration;*" nor does it pray for any judgment or order which looks beyond the simple establishment of the will as valid and genuine. As a statutory probate proceeding, instituted for the purpose of probating the written will of a person who did not reside in this state at the time of his death, the same notice and manner of giving it is contemplated by the act of 1870 (art. 5533, Pasch. Dig.) as is provided for in case of the wills of resident citizens of this state. The statute makes no discrimination in respect to these several kinds of wills. See Probate Law of 1870, arts. 5532–5547.

The petition in this case, however, directs this proceeding against certain specifically named persons as defendants, under allegations that they, in respect to two certain specific devises contained in the will, are claiming an adverse interest to the plaintiffs in the land alleged to have been thus devised by the will; and said defendants, and they only, are prayed to be cited to answer their petition, and show cause why the will should not be established as valid.

The fair interpretation of the petition, therefore, is, we think, that the plaintiffs have brought their suit in the district court under its general law and equity jurisdiction, for the purpose of having determined, as between the parties to this suit, whether or not the alleged will is a valid one, and to the end that a decree of the district court to that effect might enable the plaintiffs to render the will operative in their favor in this state as a muniment of their title. It is well settled in inter-state law, that, to make a will available as a muniment of title in the courts of this state, it must have been probated in this state; and although a will has been probated in another state, upon proof which would authorize its admission to probate in this state, yet a certified copy of the will and its probate, taken from the records of the court of the other state, is not admissible in our courts as a muniment of title. See Paschal v. Acklin, 27 Tex., 192.

It would seem that this suit has been brought under the view that a decree of court might be made, which, as between the parties to the suit, would conclusively determine that this will be established as a muniment of the title claimed by the plaintiffs. But however it may be, whether the proceeding be considered as a statutory proceeding to probate and have recorded the will in question, as upon proceedings to open an administration, or whether treated as a suit to merely establish the will as a muniment of title as between the parties, and to cause it to be recorded for that purpose, in either case there exists no sufficient foundation upon which to join the defendant Rutherford as a party defendant in the action. Under the first case supposed, the proceeding does not warrant the plaintiffs to make any one a party defendant; the application is made under the statute, and notice is given by citation at large, duly posted. Art. 5533, Pasch. Dig. Under the second case supposed, the sparse and meager facts alleged by the plaintiffs — insufficient even to give distinct color, or even a fair and palpable outline to the purposes and objects of the suit and the remedies sought to be obtained — do not present a case upon which the defendant Rutherford may be sued at all in any court whatever.

The only fact which is alleged on which to base the action against him is that he claims to have purchased the lands from certain of the heirs of the original grantee. If this were true, it does not subject him to any liability on account of the superior rights to the land which the plaintiffs may be supposed to own under the will in question; and in a suit by the latter, instituted not for the land, nor for the trial of the title to it, but brought merely to perfect and establish their muniment of title to the land, the defendant Rutherford is not a proper party, and he may plead the misjoinder in abatement. There being no fact alleged, nor anything in the nature of the subject matter of the suit, which constitutes an exception to the general privilege of every citizen to be sued in the county of his residence, the plea to the jurisdiction was rightly sustained.

The jurisdiction of the court to entertain the suit is questioned by plea to the jurisdiction, and also by special exceptions, and by an answer to the facts; and without further elaboration of the various grounds presented by the defendant, it is sufficient to say that no cause of. action is shown under any phase or view that may be taken of the petition as against the defendant Rutherford. The plea in abatement not only relied on defendant's non-residence in Bastrop county, but that the petition shows on its face that the court had no jurisdiction over the subject matter or the parties to this suit. The petition failed to show any fact which entitled the plaintiffs to cause the will to be probated in Bastrop county; it made no allegation showing that the testator owned or possessed any property or estate of any kind in that county, nor did it allege any other jurisdictional fact by reason of which the will might properly be probated and admitted to record in that county. Regarded as a suit to establish the will, as a special proceeding for the purpose of affecting the defendants as adverse claimants, as has been already seen, there is not in the petition any case made against the defendant Rutherford which prays for any relief against him, or which complains of any act done by him, entitling the plaintiffs to make him a defendant on their proceeding to cause the will to be probated.

The judgment rendered in this case was interlocutory and not a final one; it disposed of the matter in controversy only so far as the defendant Rutherford was concerned, leaving the case wholly undisposed of as far as concerned the other defendants, and without necessarily affecting the right of the plaintiffs to proceed in such manner as might be proper to effect the object of the suit.

It is the unvarying practice of the court to take notice of defects

which concern the jurisdiction over the appeal at any stage of the proceedings and after any lapse of time. The supreme court has no jurisdiction over this appeal, and it must be dismissed for that cause. See Linn v. Aramboule, Vol. 5, Law Journal, No. 21, decided at Tyler, 1881.

We have deemed it proper to notice as we have done the questions presented by the appellants, in view of the fact that, by doing so, the opinion here expressed on the merits of the pleadings in the court below may influence the parties to give a proper direction to the cause hereafter, and save, perhaps, expense to the parties by giving now a brief outline of our views of the case.

We conclude, upon the views expressed, that there was no error in the court below in the ruling which is complained of, but that, owing to the want of jurisdiction of the supreme court to entertain this appeal, the proper disposition of it is to dismiss the same for that cause.

DISMISSED.

[Opinion delivered April 10, 1882.]