Opinion by
Hurt, J.
§ 621. Jurisdiction as to person as affected by change of venue; case stated. Appellees brought this suit in the county court of Port Bend county against appellant and P. E. Bohannon, his former wife, jointly, upon a written contract for services rendered as attorneys at law. At the time the contract was made, W. 0. and P. E. Bohannon were husband and wife, but had been divorced when some of the services sued for were rendered. On the application of P. E. Bohannon alone, the venue of the suit was changed to Harris county. In the county court of Harris county, appellees dismissed their suit against P. E., and took judgment against W. 0., Bohannon, who appealed to this court, and the judgment was reversed and cause remanded for a new trial. He then pleaded to the jurisdiction of the Harris county court over his person, he being a resident of Port Bend county, which plea was overruled. Held: When P. E. Bohannon made application for a change of venue, W. 0. Bohannon made no objection thereto, nor was his privilege to be sued in the county of his residence claimed by him until this suit had been pending.in the county court of Harris county about three years. The change of venue to Harris county was properly ordered, and the effect of it was to cause the jurisdiction of the county court of Harris county to attach to the cause, both as to the person of the defendant and the subject-matter involved, notwithstanding the defendant W. 0. Bohannon did not join in the application for such change. And, even if the dismissal of the suit as to P. E. Bohannon had the effect to take away the jurisdiction of the county court of Harris county over the person of W. 0. Bohannon, the cause stood as if originally brought in that court, *547 and lie would be held to a prompt and timely assertion of such privilege. [Lewis v. Davidson, 51 Tex. 251.]
March 7, 1885.
§ 622. Husband not liable for services rendered at instance of tuife, when. Two of the items of services sued for were rendered after W. O. and F. E. Bohannon had been divorced, and were rendered at the instance of F. E. Bohannon, acting upon her own responsibility and without authority from W. 0. Bohannon, but were rendered for the benefit of the community estate. The petition alleged that the services were rendered at the instance and request of the defendant. The suit as to F. E. Bohannon having been dismissed, this allegation applies to W. 0. Bohannon alone, and hence, to entitle plaintiffs to recover against him, the proof must have shown that he employed the plaintiffs himself, or authorized some one else to do so for him. This was not shown as to-two of the items, amounting in the aggregate to $27.70. It was not alleged by plaintiffs that said two items were for the benefit of the community estate, or that W. 0. Bohannon knowingly ratified their services, or shared in. the benefits resulting therefrom, as to said two items. As to said items the judgment is erroneous, and, because of this error, is reversed, and judgment here rendered for the proper amount.
Reversed and rendered.