## HARRIS v. ALLISON et ux.

No. 8446.

Court of Civil Appeals of Texas. San Antonio.

May 21, 1930.

Rehearing Denied June 18, 1930.

[redacted]

Marshall O. Bell and Hicks, Hicks, Dickson & Lange, all of San Antonio, and John H. Awtry, of Dallas, for appellant.

Randolph L. Carter, of San Antonio, for appellees.

FLY, C. J.

[redacted] This is an appeal from an order overruling a plea of privilege filed by appellant to be sued in Travis county. This suit was filed in 1927, and was tried and appealed by appellant, and after judgment of the trial court was reversed then a change of venue was sought. If a plea of privilege can be waived, it was waived in this case. But if there had been no waiver the court acquired jurisdiction of appellant by joining him with the Red Ball Bus Line, which had its domicile in Bexar county. The court acquired jurisdiction over appellant and the removal of his codefendant from the suit by death, compromise, or otherwise, did not destroy the jurisdiction over appellant. This is too well settled to be open for discussion. Lewis v. Davidson, 51 Tex. 251; Kendall v. Hackworth, 66 Tex. 499, 18 S. W. 104; Thomas v.

Ellison, 102 Tex. 354, 116 S. W. 1141; Logan v. Ludwick (Tex. Civ. App.) 283 S. W. 548. Appellant does not charge any fraud on the jurisdiction of the court in instituting the suit in Bexar county, and admits that he was properly in court when the Red Ball Bus Line was dismissed from the suit, and being properly in court he has no grounds for objecting to the venue. Of course appellant could not destroy the effect of his waiver by dismissing his answers and other pleas evidencing such waiver. His status was fixed.

Not only did appellant file answers to the petition of appellees, but he instituted cross-actions in the case, taking a very active part therein.

The judgment is affirmed.