BOETTCHER v. FEDERAL LAND BANK OF HOUSTON.

No. 11020.

Court of Civil Appeals of Texas. Galveston.

June 6, 1940.

Rehearing Denied June 27, 1940.

T. J. Stovall, of Houston, for appellant.

Carl Runge and J. V. Wheat, both of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order overruling a plea of privilege in an action brought in the district court of Harris County by appellee, the Federal Land Bank of Houston, against O. H. Miller and E. Boettcher to recover upon a promissory note, for a foreclosure of a deed of trust lien on certain land, and to have the value of timber alleged to have been cut and removed from said land applied on its judgment.

Appellant Boettcher filed a plea of privilege to be sued in Walker County, the county of his residence, or in the alternative to have the case removed to San Jacinto County, where the land in question was situated.

Defendant Miller resided in Walker County. He did not file a plea of privilege.

Appellee filed a controverting plea in which it was alleged that its note was payable and its deed of trust was performable in Harris County; that appellant Boettcher, who claimed some interest in said land, had cut and removed standing timber from said land which was subject to appellee's deed of trust, and that since the district court of Harris County had venue of the action to foreclose said deed of trust lien as against all parties it also had venue of the incidental action of conversion.

In answer to appellee's controverting plea appellant disclaimed all interest in the land in question and alleged that appellee's allegations of venue facts were fraudulently made to fix venue in Harris County.

On a hearing before the court an order was entered overruling appellant's plea of privilege and directing that venue of the suit be retained in the district court of Harris County. Appellant appeals from this order.

It was agreed that appellant was a resident of Walker County, Texas, and that he had cut and removed at least 281,454 feet of timber from said land.

The record shows that W. A. Thompson and wife had executed and delivered to appellee their note for $3,200 secured by a deed of trust on eight tracts of land situated in San Jacinto County, Texas; that said note was payable in Houston, Harris County, Texas, and that said deed of trust was enforceable there. Thompson and wife conveyed the land in question to O. H. Miller, who assumed the payment of said note according to its terms and the terms of said deed of trust. By instrument dated October 29, 1938, and recorded in San Jacinto County on July 28, 1939, O. H. Miller and wife conveyed the standing timber on said land to appellant E. Boettcher. This suit was filed on August 7, 1939.

Appellee relies on Subdivisions 5 and 29a of Article 1995, Vernon's Ann.Civ.St., to fix venue of this action in Harris County.

The material parts of said Article 1995 read:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"5. Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. * * *

"29a. (Two or more defendants.) Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

It is admitted by appellant that the venue of this suit is maintainable in Harris County as against his vendor, O. H. Miller, under exception 5 of said Article 1995, since said note was payable in Harris County. He contends, however, that he

was not a necessary party to the suit in Harris County since he was not a party to said note or deed of trust and was not in possession of said land and that he had disclaimed all interest therein. He contends that appellee's suit for the recovery of damages for the conversion of timber constitutes a separate and distinct cause of action and that the exclusive venue of a suit of this character lies either in Walker County, where appellant resides, or in San Jacinto County, where such conversion or damage took place.

Appellant's contention that he was not a necessary party to this suit cannot be sustained. It is now the settled law in this state that in a suit by a mortgage holder to foreclose his mortgage against the original mortgagor or his assignee, where, prior to the institution of such suit, such mortgagor or his assignee has conveyed his interest in and to the mortgaged property to another and the mortgage holder has notice of such conveyance, such purchaser is a necessary party to the suit within the meaning of Subdivision 29a of Article 1995, Vernon's Ann.Civ.St. Pioneer Building & Loan Association v. Gray et al., 132 Tex. 509, 125 S.W.2d 284; Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74; Hamilton v. Federal Land Bank of Houston, Tex.Civ. App., 125 S.W.2d 1088.

Further, appellee having shown that the District Court of Harris County had venue of the foreclosure suit, and that appellant Boettcher was a necessary party at the institution of the suit, even though he later disclaimed all interest in the land in question, the court having originally acquired jurisdiction would retain it in the absence of proof that the allegations of appellee's petition showing jurisdiction were fraudulently made. Logan et al. v. Ludwick, Tex.Civ.App., 283 S.W. 548; Harris v. Allison et ux., Tex.Civ.App., 29 S.W.2d 413; Thomas v. Ellison, 102 Tex. 354, 116 S.W. 1141.

While appellant, in his answer to appellee's controverting affidavit, alleged that appellee had wrongfully and illegally alleged in its petition that defendant was claiming some right, title or interest in the land in question and that such allegations were made to fraudulently fix venue in Harris County, no proof was offered by appellant in support of such allegations and there was ample evidence in the record to support the trial court's implied findings that such allegations were not fraudulently made and that the venue facts alleged by appellee did in fact exist.

It is now the established rule that where a part of mortgaged property has been damaged or the use or profits thereof converted, the mortgagee can maintain an action for foreclosure against the claimant of the property and, in the same suit, sue the wrongdoer for damages for the loss sustained. 9 Tex.Jur. 174; Paddock v. Williamson, Tex.Civ.App., 9 S.W.2d 452; Oats et al. v. Dublin National Bank et al., 127 Tex. 2, 90 S.W.2d 824; Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S.W. 890.

Under the above authorities, the judgment of the trial court in overruling appellant's plea of privilege is in all things affirmed.

Affirmed.