O. N. BEER, Appellant,

v.

R. L. WHEELOCK et al., Appellees.

No. 3702.

Court of Civil Appeals of Texas.

Tenth District.

Dec. 17, 1959.

Motion for Rehearing Dismissed
Jan. 14, 1960.

Trueheart, McMillan, Russell & West-brook, San Antonio, for appellant.

Wm. J. McKie, Corsicana, for appellees.

McDONALD, Chief Justice.

This is a venue case involving Subdivision 13, Article 1995, R.C.S.

Plaintiffs, R. L. Wheelock and R. L. Wheelock, Jr., who are residents of Navarro County, brought suit in Navarro County against defendant O. N. Beer, a resident of Bexar County, alleging that the parties were equal partners in a partnership; that such partnership owned property in Navarro County of an approximate value of $900.-00, and in Smith County of an approximate value of $64,100, and owed debts to the First National Bank of Dallas of approximately $130,000. Plaintiffs prayed that the partnership be dissolved; that assets be partitioned and the deficit be equally borne by the partners, or in the alternative that if the property assets cannot be partitioned in kind that it be sold and the proceeds applied on the indebtedness and any deficiency be borne equally by the partners.

Defendant Beer filed his plea of privilege to be sued in Bexar County. Plaintiffs controverted such plea, contending venue under

Subdivision 13, Article 1995, which provides:

"13. Partition.—Suits for the partition of land or other property may be brought in the county where such land or other property, or a part thereof, may be, or in the county in which one or more of the defendants reside * * *."

Thereafter defendant filed an amended plea of privilege, and a disclaimer, in both of which defendant disclaimed all interest in the partnership property having an approximate value of $900, and located in Navarro County.

The Trial Court, after hearing, overruled defendant's plea of privilege.

Defendant appeals, contending the Trial Court erred in refusing to sustain his plea of privilege, because after defendant filed his disclaimer, there was no property in Navarro County to be partitioned, so as to maintain venue under Exception 13, Article 1995, R.C.S.

The sole question presented therefore is: Can this defendant in the partition suit disclaim as to a portion of the partnership property located in the county of suit, and by so doing defeat the venue otherwise maintainable in such county by reason of the existence of the property in that county?

■ Subdivision 13, Article 1995 provides that suits for partition of land or other property may be brought in the county where the property or a part thereof may be. To maintain venue in Navarro County in the instant case, it was necessary for plaintiffs to show that their suit was for partition of property, and that such property or a part thereof was located in Navarro County. The plaintiffs' petition in the case establishes that the cause is a partition suit. It is then *only* necessary that plaintiffs establish that the property to be partitioned, or a part thereof, is located in Navarro County. Carter v. Clark, Tex.Civ. App., 242 S.W.2d 677, no writ hist.

■ The instant case was a suit for dissolution of a partnership between plaintiffs and defendant; partition of the partnership properties, and further for a decree that such assets be sold and proceeds applied to the partnership's indebtedness (which was greater than the assets), and for a decree that the remaining indebtedness be borne equally by the parties. Since the suit involved the partition of the partnership's properties, all joint owners were necessary parties, and of course it was necessary to set out the partnership properties to be partitioned (or sold to apply proceeds on the partnership indebtedness). The record before us reflects that two of the partners live in Navarro County; that one lives in Bexar County; that the partnership headquarters, records and books were located in Navarro County; that the partnership properties were located in Navarro and Smith Counties. We think that the aggregate relief prayed for by plaintiffs are constituent elements of the cause of action for partition of the properties involved, and that defendant by disclaiming his partnership one-third ownership interest in the property situated in Navarro County should not defeat venue of the cause in Navarro County. See Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, pars. 5 and 6, opinion adopted.

Defendant relies on Martin v. Powell, Tex.Civ.App., 209 S.W.2d 369, W/E Dis. That was a case in which the plaintiff purchased a car from defendant. His cause of action was based *primarily* on allegations that the car was defective and failed to function. Plaintiff further alleged that since he had not executed title to a car he traded in on the car purchased, and that defendant was claiming some sort of lien or claim on the car purchased, *plaintiff asserted* his suit was for personal property situated in the county of suit and urged Exception *10*, Article 1995. Defendant filed disclaimer as to the car and plea of privilege to remove the case to the county of defendant's residence. The San Antonio Court held that defendant's filing of the disclaimer rendered plaintiff's asserted claim for title

moot, and that the cause for damages could not be tied onto a moot *cause* for the purpose of maintaining venue in the county of suit.

In the instant case the primary suit was for dissolution of partnership and partition of its assets, and we think all elements of such suit are so interrelated that they are constituent elements of the same whole, and that defendant's disclaimer as to the Navarro County property for the obvious purpose of defeating venue in the court of that county can have no such effect.

Moreover the venue facts for each exception to Article 1995 and their application are those which are stated in the particular exception, or are engrafted or applied by the courts as applicable to the character of suit involved. We do not think that defendant's contentions herein are applicable to this partition case or to Subdivision 13.

The judgment of the Trial Court is affirmed.