**A & M CONSTRUCTION COMPANY,**
Appellant,

v.

**D. W. DAVIDSON, Appellee.**

No. 5175.

Court of Civil Appeals of Texas,
Waco.

Sept. 7, 1972.

Lawrence, Thornton, Payne & Watson, Bryan, for appellant.

Brown, Kronzer, Abraham, Watkins & Steely, (Larry J. Doherty), Houston, for appellee.

## OPINION

JAMES, Justice.

This is a venue case involving Subdivisions 4 and 9a of Article 1995, Vernon's Ann.Tex.St. The trial court overruled Defendant-Appellant A & M Construction Company's plea of privilege. We affirm the trial court's order.

Plaintiff-Appellee D. W. Davidson sued Robertson Electric Cooperative, Inc., and Appellant A & M Construction Company in Robertson County, Texas, for damages to his cattle allegedly caused by the negligence of Defendants. A & M Construction Company filed a plea of privilege to be sued in Brazos County, Texas, the county of its residence.

Plaintiff-Appellee Davidson filed a controverting plea under Subdivisions 4 and 9a of Article 1995. After hearing testi-

mony, the trial court overruled Appellant A & M Construction Company's plea of privilege, from which action Appellant comes to this court on two points: (1) because "there was insufficient evidence of the residence of the Co-Defendant (Robertson Electric) in the county of suit", and (2) that there was insufficient evidence to show the required elements of a cause of action of negligence "against the resident Co-Defendant (Robertson Electric) under Section 9a of Article 1995."

Davidson owned a place located about six miles east of Franklin, Texas, in Robertson County, upon which he had cattle. Prior to April 11, 1969, Robertson Electric Cooperative Inc., had a rural electric line running along the Farm to Market Road in front of Davidson's place, with about six utility poles of such line being located on Davidson's property or immediately adjacent thereto. These poles had been installed several years and were set about six feet in the ground. The portion of each pole that was below the surface of the ground was covered with a felt-type material which was saturated with pentachlorophenol, a deadly poison, surrounding which was a layer of foil or brownish looking paper, and on the outside of this paper was a plastic substance which was tacked onto the pole.

Robertson Electric contracted with A & M to multiphase their line (install additional wiring on their line) and to replace poles along the line. On or about April 11, 1969, A & M's crew pulled the poles out of the ground which were located adjacent to Davidson's place. Upon instructions of Mr. Van Lilly, the line superintendent of Robertson Electric, A & M's crew stacked the poles inside Davidson's fence on his place. Some of the paper and wrapping came loose from the poles and blew around on Davidson's place. Davidson's cattle ate some of the wrapping from the poles, and seven head of his cattle died. Davidson lived in Baytown, Texas, and first saw about 12 to 15 head of his cattle eating the wrapping off the poles on the weekend

of April 20, 1969. Mr. Bobby Sullivan, the manager of Robertson Electric, and Mr. Van Lilly the line superintendent came out to Davidson's place on or about May 1, 1969 to look the situation over, at which time Davidson's seven head of cattle had already died. They got a crew out and removed all the wrapping from the poles, and picked up all the loose wrapping from Davidson's place.

■ Both of Appellant's points complain of "insufficient evidence." A statement in a point of error that the evidence is "insufficient" to support a finding of fact is ambiguous, because it can mean either that the evidence is legally insufficient or that it is factually insufficient. For an excellent discussion of this problem, see Garza v. Alviar (Tex.Sup.Ct.1965) 395 S.W.2d 821, opinion by Mr. Justice Walker. Unless the context shows that the words are used in a different sense, references to the insufficiency of the evidence are usually construed to mean factual insufficiency. *Garza*, supra.

However, in the case at bar, this problem has been dispelled. During oral argument, the Appellant's attorney was asked by the court what he meant by "insufficient evidence" in his points, and whether he was asserting that there was "no evidence" to support either of his points. To this question he replied that he was not asserting any "no evidence" points because there was some evidence in support of them.

In this context we are treating both of Appellant's points as "factual insufficiency" points, that is to say, that Appellant contends in each of his two points that the trial court's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. In re King's Estate (Sup.Ct.1951) 150 Tex. 662, 244 S. W.2d 660.

Appellant's first point asserts that there was insufficient evidence of the residence of the Co-Defendant (Robertson Electric) in the county of suit, Robertson County.

■ To maintain venue under Subdivision 4, Article 1995, V.A.T.S., where there is a resident defendant and a non-resident defendant, the plaintiff has the burden of: (1) alleging a joint cause of action against both defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits; (2) by proving by independent evidence that the resident defendant in fact resides in such county; and (3) proving that the plaintiff has a cause of action against the resident defendant. Stockyards National Bank v. Maples (Comm.App.1936) 127 Tex. 633, 95 S.W.2d 1300, opinion adopted by the Supreme Court; Ladner v. Reliance Corp. (Sup.Ct.1956) 156 Tex. 158, 293 S. W.2d 758; Hospital Sciences v. Medical Computer Systems Inc., (Waco CA 1972) 482 S.W.2d 699.

■ The Plaintiff's proof on the residence of Robertson Electric is as follows: Davidson testified that he has done business with Robertson Electric Cooperative in Robertson County; that it has an office in Franklin, Robertson County, Texas, where he pays his bills; that he has never on any other occasion paid any bills to Robertson Electric in any county other than Robertson County; and that the manager of Robertson Electric, Robert Sullivan, resides in Robertson County.

The Appellant offered no proof in rebuttal or contradiction of the above testimony.

■ We believe the evidence is factually sufficient to show Robertson Electric Cooperative, Inc., is a resident of Robertson County. The fact that a person has a business residence in a community is a circumstance or factor to be considered in determining domicile or residence generally. Dunn v. Carter Oil Company (Eastland CA 1959) 326 S.W.2d 11, no writ history.

**378**

Moreover, Appellant's failure to rebut Appellee's evidence raises a strong presumption against Appellant's position and strengthens the probative force of Appellee's evidence. Fain v. Beaver (Waco CA 1972) 478 S.W.2d 816, error refused NRE. Appellant's first point is accordingly overruled.

Appellant's second point is worded as follows: "The trial court erred holding that sufficient evidence existed proving the required elements of a cause of action of negligence against the resident Co-Defendant under Section 9a of Article 1995."

This point is without merit, because there is no requirement under Section 9a that plaintiff prove a cause of action of negligence against the resident Co-Defendant in any manner. The statute itself clearly sets out the venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than that of the defendant's residence as follows:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of Plaintiff's injuries."

As applied to the case at bar, Plaintiff had the burden under Section 9a of proving a cause of action of negligence against Appellant A & M Construction Co. in Robertson County, and not against Robertson Electric. Our careful examination of the record leads us to believe that Plaintiff has proved a cause of action for negligence against Appellant (A & M) in Robertson County; however, Appellant has not complained of insufficient evidence on this point. Appellant's second point is accordingly overruled.

Judgment of the trial court is affirmed.

Affirmed.