**HOUSTON SASH & DOOR COMPANY, INC., et al., Appellants,**

v.

**William C. DAVIDSON, Jr., Trustee, Appellee.**

**No. 7581.**

Conrt of Civil Appeals of Texas, Beaumont.

May 9, 1974.

Rehearing Denied May 30, 1974.

William Emerson Wright, Houston, for appellants.

David I. Kuperman, Gibbons & Spivey, Austin, for appellee.

KEITH, Justice.

This is a venue appeal wherein the plaintiff relied upon Subdivision 4, Art. 1995, Vernon's Ann.Civ.St., to maintain venue in the county of suit. We will designate the parties as they appeared in the trial court. A somewhat extensive statement of the background of the suit is required to put the controversy into focus.

Etta and Jay Levin instituted this suit against several corporations, their officers and directors claiming a malicious suppression of dividend payments and sought to recover, derivatively, damages for alleged corporate mismanagement. The Levins having taken refuge in bankruptcy, Davidson, as Trustee in Bankruptcy, was substituted as a party plaintiff. He maintained the original claims of the Levins in his amended pleadings; but, in his third amended original petition filed shortly before the hearing on the plea of privilege, he added an additional cause of action.

The new count in the pleading alleged that one R. F. Michel[1] had wrongfully foreclosed a pledge of certain stocks owned by Mrs. Levin in the several corporations and his prayer for relief read: "That the sale of the shares of stock described above be overturned and the Defendant R. F. Michel be compelled to turn over such stock to the Plaintiff in the event damages are not awarded and a dividend be not compelled."

One of the individual defendants was a resident of Travis County while one of the corporate defendants was domiciled therein. Plaintiff made no effort to prove any cause of action against any defendant, resi-

---

1. Michel, a resident of Louisiana, filed a special appearance challenging the long-arm jurisdiction of the trial court and our record discloses that this matter is still pending undetermined in the trial court.

dent or non-resident, save and except that of wrongful foreclosure of the stock.

At the very beginning of the hearing on the controverting plea, counsel for the appealing defendants, acting for all of the defendants then before the court, read into the record a "stipulation":

> " 'That pursuant to the Plaintiff's prayer for relief, that the sale of the shares of stock described in the petition, to-wit, being the shares sold at the purported foreclosure sale under the security agreements executed by Jay and Etta Levin and described in the pleadings, said sale apparently having occurred on September 24, 1971, we stipulate that that foreclosure sale is and hereby be set aside and held null and void.' "

This being an unexpected development, counsel for the plaintiff procured a short recess to study the matter before the hearing resumed. Thereafter, plaintiff's counsel began the proof of his claim by stating:

> "We would like to begin by offering into evidence the stipulation first announced by Mr. Wright earlier this morning, if the Court Reporter will type this, and this will be Plaintiff's No. 1."

Whereupon, the stipulation previously offered by defendants was accepted and received in evidence.

■ In accepting the tendered stipulation by introducing it into evidence, plaintiff made a judicial admission that he had no cause of action for wrongful foreclosure *at the time of the hearing* and the entry of the order overruling the pleas of privilege. Justice Walker's succinct holding in Gevinson v. Manhattan Construction Co. of Okl., 449 S.W.2d 458, 466 (Tex. 1969), is dispositive:

> "A true judicial admission is a formal waiver of proof and is usually found in the pleadings *or in a stipulation of the parties.* * * * The vital feature of a judicial admission is its conclusiveness on the party making it. It not only relieves his adversary from making proof of the fact admitted but also bars the party himself from disputing it." (emphasis supplied, citations omitted)

■ Plaintiff was entitled to plead and prove inconsistent causes of action and seek alternative relief. Thus, his plea to overturn the foreclosure sale and his alternate prayer for damages caused by the alleged wrongful foreclosure were properly combined in a single suit. Rules 47 and 48, Texas Rules of Civil Procedure; McKenzie v. Carte, 385 S.W.2d 520, 526 (Tex.Civ.App., Corpus Christi, 1964, error ref. n. r. e.); Albright v. Long, 448 S.W.2d 564, 566 (Tex.Civ.App., Amarillo, 1969, no writ); Cantu v. Bage, 467 S.W.2d 680, 682 (Tex.Civ.App., Beaumont, 1971, no writ). In this case, plaintiff pleaded his alternative causes of action and defendants could not put him to an election thereon in the venue hearing. Texarkana Water Supply Corp. v. L. E. Farley, Inc., 353 S.W.2d 885, 889 (Tex.Civ.App., Houston, 1962, no writ); Monroe v. Mercer, 414 S.W.2d 756, 760 (Tex.Civ.App., Houston, 1967, error dism.).

■ The selection of one remedy where two are available is a waiver of the other. Thrower v. Brownlee, 12 S.W.2d 184, 186 (Tex.Comm.App., 1929); Bridwell v. Bernard, 159 S.W.2d 981, 984 (Tex.Civ.App., Fort Worth, 1942, error ref. w. o. m.); Employers Reinsurance Corp. v. Wagner, 250 S.W.2d 420, 422 (Tex.Civ.App., Galveston, 1952, error ref. n. r. e.). Plaintiff, having two inconsistent remedies, only one of which could be granted, made his election; and, having made the election, he is bound thereby. Saner-Whiteman Lumber Co. v. Texas & N. O. Ry. Co., 288 S.W. 127 (Tex.Comm.App., 1926, holding approved).

■ Plaintiff, citing Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936), recognizes the rule, as indeed he must, that in seeking to maintain venue under subdivision *4* he must prove at the

venue hearing: (1) at least one defendant resides in the county of suit; (2) the party asserting his plea of privilege is at least a proper party to the claim against the resident defendant; and (3) the plaintiff has a bona fide cause of action against the resident defendant.[2]

■ Plaintiff contends that he discharged the burden of proving a cause of action for wrongful foreclosure by offering proof that such a cause of action "existed as a matter of law *at the time* Appellee filed his Third Amended Petition." Recognizing that he had no cause of action for wrongful foreclosure *after he accepted the stipulation setting aside the foreclosure,* plaintiff argues: "The cause of action against a resident defendant required by Subdivision 4 need exist only at the time the plaintiff files his suit."

In order to meet the contention so advanced, we will concede that the proof introduced at the hearing was sufficient to establish existence of a cause of action for wrongful foreclosure at the time of the filing of the pleading. But, when plaintiff accepted the stipulation offered by defendants by introducing the same in evidence, he made a judicial admission that the wrongful foreclosure had been set aside and was no longer a justiciable issue in the case.

■ Thus, plaintiff established conclusively on the hearing of the pleas of privilege that he had no cause of action for wrongful foreclosure against either the resident or non-resident defendants. Since he made no effort to prove any other cause of action against the resident defendants, we now reach the determinative question in the appeal: In order to maintain venue under subdivision 4, Art. 1995, must plaintiff prove the existence of a cause of action at the time of the hearing against the resident defendant? Although we are of the opinion that the modern authorities require an affirmative answer to the question posed, we turn first to a consideration of the authorities which plaintiff claims requires a negative answer.

Plaintiff relies upon a series of cases of doubtful precedential value which we decline to follow in this case. Primary reliance is placed upon Logan v. Ludwick, 283 S.W. 548 (Tex.Civ.App., Fort Worth, 1926, no writ). Even a cursory examination of this opinion reveals that the decision turned upon the applicability of subdivision *12,* not subdivision *4.*[3] It has since been authoritatively determined that a plaintiff who pleads a lien and shows the location of the property in the county of suit need not establish by extrinsic evidence that he has a lien enforceable against the defendant. See, Morgan Farms v. Murray, 149 Tex. 319, 233 S.W. 2d 123 (1950), approving the holdings in the underlying case reported sub nom., Morgan Farms v. Brown, 231 S.W.2d 790 (Tex.Civ.App., San Antonio, 1950). The comments in *Logan* with reference to subdivision *4* were neither necessary nor determinative of the case as presented by the record.

Nor are we persuaded by plaintiff's reliance upon Harris v. Allison, 29 S.W.2d 413 (Tex.Civ.App., San Antonio, 1930, no writ). The third sentence in this opinion reads: "If a plea of privilege can be waived, it was waived in this case."[4] It is to be noted that the court cited Logan v. Ludwick, supra, for the proposition that *jurisdiction* having been acquired over Harris, the removal of the co-defendant

---

2. For a more extended discussion of the venue facts under this subdivision, see 1 McDonald, Texas Civil Practice (1965 Rev. Vol.), § 4.10.2, p. 434, et seq.

3. See, 1 McDonald, supra, § 4.20, p. 482, fn. 91, for a discussion of this facet of Logan v. Ludwick.

4. Such comment was appropriate since the plea of privilege was filed *after* Harris had appealed successfully from an earlier judgment entered following a trial upon the merits. See Harris v. Allison, 11 S.W.2d 821 (Tex.Civ.App., San Antonio, 1928, error dism.).

from the suit by "death, compromise, or otherwise, did not destroy the *jurisdiction* over appellant."[5] (29 S.W.2d 413, emphasis supplied) We do not read *Allison* as supporting a rule that venue can be sustained when plaintiff fails to prove the existence of any cause of action against *any* defendant at the hearing on the plea of privilege.

Plaintiff also quotes this language from Lewis v. Davidson, 51 Tex. 251, 256 (1879): "[T]he suit was properly brought in the county of Harris in the first instance, as the [resident] co-defendant Austin then resided there; and the fact that he subsequently died, and the cause was dismissed as to him, would *not divest the previously-acquired jurisdiction* over the [non-resident] other defendant." (emphasis ours) Plaintiff overlooks the fact that prior to 1907 the modern plea of privilege was in the nature of a plea in abatement going to the jurisdiction of the court over the person of the defendant which, if sustained, resulted in a dismissal of the suit. See, e. g., Blucher v. Milsted, 31 Tex. 621, 623 (1869); Brundidge v. Rutherford, 57 Tex. 22 (1882).[6]

In Stockyards Nat. Bank v. Maples, supra, the court recognized that an additional venue fact had been added by judicial construction; namely, "It is that the plaintiff to prevent the change of venue must also plead and prove that *he has in fact* a cause of action against the resident defendant."[7] (95 S.W.2d at 1302) Judge Smedley cited many cases in support of the holding that if plaintiff failed to prove the existence of a cause of action against the resident de-

fendant, the plea of privilege must be sustained. We forego citing the long line of cases which has followed this clear pronouncement, simply pointing to the fact that the rule has continued vitality. See, e. g., Houseman v. Mahin, 390 S.W.2d 732, 735 (Tex.1965); A & M Construction Company v. Davidson, 485 S.W.2d 375, 377 (Tex.Civ.App., Waco, 1972, no writ).

There is a comment in 32 Texas Law Review 441, 443 (1954), which succinctly states the rule applicable to this case. The author says:

"To maintain venue under exception 4, the plaintiff has a three-fold burden of venue facts to sustain. He must prove that one of the defendants is a resident of the county of suit; that he has a bona fide cause of action against the resident defendant; and that the party asserting the plea of privilege is at least a proper party to the suit against the resident defendant. . . .

"To satisfy the second requirement the plaintiff must plead and prove by a preponderance of the evidence each element of a bona fide claim against the resident defendant. It is at this point that the defendant obtains a preview of the plaintiff's case.

Park v. Wood, 146 Tex. 62, 203 S.W.2d 204, 205 (1947), and Glens Falls Indemnity Co. v. Sterling, 213 S.W.2d 858 (Tex.Civ. App., Dallas, 1948, mandamus overruled), cited by the author in support of the quoted material, are directly in point.

▇▇ The valuable right of a defendant to be sued in the county of his residence is

---

5. See 1 McDonald, supra, § 4.02, p. 410, for a definitive distinction between jurisdiction and venue in the context in which it was used in *Allison*, supra.

6. This rule was changed when the legislature adopted our modern procedure by Acts, 30th Leg., 1907, Ch. CXXXIII (13 Gammel's Laws of Texas 248). We quote a portion of the emergency clause thereof: "Whereas, the fact that the laws of this State now provide no means for changing the venue in a case where a plea of abatement or privi-

lege to be sued in a county different from that in which the suit is pending is sustained, and the near approach of the close of the session of the Legislature creates an emergency . . . ."

7. We do not indulge an unreasonable presumption when we attribute to Judge Smedley knowledge that the word "has" is the third person present indicative of the word "have"; and that when he used the present tense, he did not intend the past tense or "had".

not to be denied because of a doubtful construction of a venue exception. The application of the exception must clearly appear. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, 972 (1951). Plaintiff, laboring under the burden of proving *at the venue hearing* the existence of a cause of action against the resident defendant, may not deny the defendants their valuable right by showing the existence of a cause of action at the time of the filing of his pleading but none at the time of the hearing.

There being no proof of the existence of a cause of action against the resident defendant at the hearing, the trial court erred in overruling the pleas of privilege of the defendants. The judgment of the trial court is reversed and the cause is remanded with instructions to transfer the entire cause, as to all of the appellants herein, to one of the District Courts of Harris County.

Reversed and remanded with instructions.

STEPHENSON, Justice (dissenting).

I respectfully dissent. All of the cases in this state that I have read, do *not* support the conclusion reached in the majority opinion.

In that opinion, the issue is drawn as follows:

"In order to maintain venue under subdivision 4, Art. 1995, must plaintiff prove the existence of a cause of action *at the time of the hearing* against the resident defendant?"

It is apparent that question is susceptible of two entirely different meanings. Does it mean that proof of a cause of action must be made at the hearing of the plea of privilege? Or, does it mean that the cause of action must exist at the time of such hearing?

All of the cases cited by the dissent simply hold that proof of a cause of action against the resident defendant must be made at the hearing without reference to the time of the existence of the cause of action. The *Stockyards National Bank Case* is the primary case relied upon in the dissent. There is not one word in that case to indicate it is decisive of the issue before us. Whether the cause of action existed at the time the plea of privilege was filed and not at the time of the hearing, simply is not in that case, or in any of the other cases cited in the dissent.

It is conceded here that apparently there are no recent cases passing upon this point; however, *all* of the cases I have read hold that it is the time of filing the plea of privilege, rather than the time of hearing the plea of privilege, which controls. In Logan v. Ludwick, 283 S.W. 548 (Tex.Civ.App., Fort Worth, 1926, no writ), the resident defendant disclaimed any interest in the personal property being sued for and asked to be dismissed. At the venue hearing the trial court sustained the disclaimer and overruled the pleas of privilege of the two non-resident defendants. On appeal it was contended that venue could not be maintained under subdivision 4, because the cause of action against the resident defendant (Brock) no longer existed. The Court of Civil Appeals affirmed with this statement:

"If Brock, at the institution of plaintiff's suit, was a necessary or even a proper party, as we think he was, it would be immaterial that he was permitted to disclaim and be discharged upon the date of the trial of the pleas of privilege, his interest or right, such as it was, having at that time ended, for the court, having originally acquired jurisdiction under exception 4 of article 1830, would retain that jurisdiction throughout, in the absence of a plea that the allegations of the plaintiff's petition showing jurisdiction had been fraudulently made, and there was no such plea. Brooks v. Chatham, 57 Tex. 31; Ablowich v. National Bank, 95 Tex. 429, 67 S.W. 79, 881; Ry. Co. v. Grayson Co. Natl. Bank,

100 Tex. 17, 93 S.W. 431; Ogburn-Dalchau Lumber Co. v. Taylor, 59 Tex.Civ.App. 442, 126 S.W. 48." (283 S.W. 550)

Other cases, under subdivision 4, are as follows: Harris v. Allison, 29 S.W.2d 413 (Tex.Civ.App., San Antonio, 1930, no writ); and Lewis v. Davidson, 51 Tex. 251 (1879).

Cases under other subdivisions are: Boettcher v. Federal Land Bank of Huston, 142 S.W.2d 272 (Tex.Civ.App., Galveston, 1940, writ dism'd) (subdivision 29a); Ogburn-Dalchau Lumber Co. v. Taylor, 59 Tex.Civ.App. 442, 126 S.W. 48 (Tex.Civ.App., Texarkana, 1910, no writ) (subdivision 12); Beer v. Wheelock, 331 S.W.2d 92 (Tex.Civ.App., Waco, 1959, no writ) (subdivision 13). See also Slaton v. Anthony, 143 S.W. 201 (Tex.Civ.App., Amarillo, 1911, no writ).